CROUCH ET AL. *v.* CHAMNESS ET AL.

[No. 2,686.    Filed Nov. 18, 1898.    Rehearing denied Jan. 26, 1899.]

PLEADING.— *Complaint.— Attacked for First Time on Appeal.—*A complaint attacked for the first time on appeal will be held good if it is sufficient to bar another action for the same cause.  *p. 494.*

EVIDENCE.— *Warranty.*—Evidence in the trial of an action for breach of warranty in the sale of a stallion that plaintiff took the horse home and advertised him in season, with the pedigree as warranted, is sufficient to show that plaintiff relied and acted upon the representations made by defendant.  *pp. 494, 495.*

From the Clinton Circuit Court.  *Affirmed.*

*John F. McHugh,* for appellants.

*S. D. Puett, J. S. McFadden* and *H. C. Sheridan,* for appellees.

COMSTOCK, J.—The complaint in this cause is in two paragraphs.  The first alleges that appellees are a firm doing business under the name of Chamness Bros., and that appellants are a firm trading as J. Crouch & Son; that on the 11th day of May, 1894, defendants sold and delivered to plaintiffs a stallion named Hermann, to be used by them in their breeding stables for breeding purposes, for the sum of $530, then paid by plaintiffs, and as a part of the terms and consideration of said contract of sale, and for the purpose of inducing them to purchase said horse, defendants then warranted to plaintiffs that said horse was an American bred coach stallion, foaled in 1887, being No. 118; that they furnished the pedigree of said horse to plaintiffs, setting out the pedigree furnished; that, believing said representation to be true, and relying upon said warranty, plaintiffs were induced to and did purchase said horse; that said horse was not at the time of said sale an American bred coach stallion, nor was he a coach horse at all; that his pedigree is as follows (setting out his true pedigree), and that

the defendants knew that he was not as represented and warranted by them; and that he had no value and was not a breeder, and was worth $1,000 less to plaintiffs than he would have been worth had said warranty and pedigree as furnished by defendants, been true. The second paragraph of complaint alleged that on the 11th day of May, 1894, plaintiffs were a firm engaged in running and operating a breeding barn in Bloomingdale, Parke county, Indiana; that they kept for hire, for breeding purposes, stallions of a high grade and (registered) pedigreed horses, and, over a large territory, many patrons of their stables brought their mares to be bred to their stallions, so kept at their stables, relying on the pedigrees of the horses they had in their stables being true and as represented. That at said time they had no registered coach horse in their stables, and in response to the demands of their patrons sought the purchase of an American bred coach horse, duly registered in the American Coach and Stud Book; that defendants, doing business as J. Crouch & Son, represented to plaintiffs that they had an American bred coach horse, whose registered number was 118, named "Hermann," and of the following pedigree (setting out the pedigree); that, relying upon said representations, and believing said horse to be as represented, they purchased him; that said horse was not at the time of said sale an American bred coach horse, and that his real name was "Enterprise, Jr.," having draft blood in him; that defendants knew this, but falsely and fraudulently manufactured the pedigree given by them to plaintiffs to induce them to make said purchase; that plaintiffs brought said horse to their stables, and advertised him, and many of their patrons bred their mares to him, and when they discovered he was not as represented, they refused to pay for said breeding

service, and plaintiffs lost large sums of money, to their damage in the sum of $2,500. Appellants answered in two paragraphs,—the first, the general denial; the second, the special plea. As no question is raised upon the second paragraph of answer, it is not necessary to set it out. Appellees replied by general denial, the cause was submitted to a jury, and a verdict returned in favor of appellees for $850. Appellants' motions for a new trial and in arrest of judgment were overruled, and exception taken.

The specifications of error assigned challenge, respectively, the sufficiency of the complaint, the first paragraph of the complaint, and the second paragraph of the complaint, to state a cause of action against appellants; the fourth specification is that the court erred in overruling appellants' motion for a new trial; fifth, that the court erred in overruling the motion in arrest of judgment. The sufficiency of the complaint and each paragraph thereof is challenged for the first time in this appeal, no demurrer having been filed in the court below. The objection urged by counsel for appellants to the complaint is that neither paragraph shows an attempt to deceive appellees. The second paragraph alleges that "defendants falsely and fraudulently manufactured the pedigree given by them to the plaintiffs to induce them to make said purchase." These averments show an attempt to deceive, and, with others in the same paragraph, that the attempt was attended with success. Each paragraph is sufficient to bar another action for the same cause, and, being questioned here for the first time, must be held to be good. *Burkhart* v. *Gladish*, 123 Ind. 337; *Harris* v. *State ex rel.*, 123 Ind. 272; *Bozarth* v. *McGillicuddy*, 19 Ind. App. 26, 35.

In support of the fourth specification of error (overruling the motion for a new trial), appellants claim

that there is no evidence to show that appellees relied upon the representation made by appellants at the time of the exchange and trade of the horse "Hermann." George Chamness, appellee, testified that he traded for a horse that he understood to be "Hermann," an American bred coach stallion; that, at the time of the purchase, appellants gave him a warranted pedigree (this being the same pedigree made an exhibit in each paragraph); that he took him home, and advertised him in season as the horse "Hermann," and with the pedigree as warranted. This evidence shows that appellees relied and acted upon the representation made by appellants.

The fifth specification of error is not discussed. It is therefore, under the rule, waived. We find no error. Judgment affirmed.