Williamson v. Harris.

---

H. G. WILLIAMSON, Respondent v. G. W. HARRIS, Appellant.

Springfield Court of Appeals, December 2, 1912.

1. **FRAUD: Misrepresentation: Sale of Real Estate: Sufficiency of Evidence.** In an action to recover as liquidated damages a deposit of $1000 which defendant had put up to insure his carrying out a contract for the purchase of a farm, the evidence is examined and *held* sufficient to justify submitting the case to

the jury on the defense that plaintiff had misrepresented the character of the soil, especially with reference to the nonuse of commercial fertilizer and also on the question as to whether defendant in fact relied upon the representation made and that the trial court erred in giving a peremptory instruction to find for the plaintiff.

2. ———: ———: **Expressions of Opinions: Inducing Contract.** Where representations were mere expressions of opinion as distinguished from representations as to existing facts, they cannot be made the basis of an action for fraud. To be actionable they must relate to a material fact inducing the contract.

Appeal from Wright Circuit Court.—*Hon. C. H. Skinker*, Judge.

REVERSED AND REMANDED

*F. M. Mansfield, Woodruff & Luster* for appellant.

(1) It is elementary law in this State that a demurrer admits every fact of the plaintiff's case to be true, which the evidence tends to prove, whether the evidence be direct or indirect, as well as reasonable deductions that are to be drawn therefrom. Morgan v. Mining Co., 141 S. W. 740; Hegberg v. Railroad, 147 S. W. 201; Davidson v. Railroad, 148 S. W. 110; White v. Railroad, 202 Mo. 563; Power v. Transit Co., 202 Mo. 208; Thorpe v. Railroad, 89 Mo. 651; Petty v. Railroad, 88 Mo. 306; Riley v. Railroad, 94 Mo. 609. (2) It has long been the established rule in Missouri, as well as elsewhere, that fraud is a question for the jury from all the facts and circumstances shown in evidence and very slight circumstances will warrant the submission of an issue involving it to the jury. Bank v. Tobacco Works, 155 Mo. 602; Mosby v. McKee, 91 Mo. App. 500; Haven v. Tarter, 124 Mo. App. 691; Clauber v. Schloss, 198 Mo. 502; Rutherford v. Williams, 42 Mo. 18; Hitchcock v. Baughon, 36 Mo. App. 216; Massey v. Young, 73 Mo. 260; Mill Co. v. Sugg, 206 Mo. 148. (3) The doctrine of notice and means of knowledge has no application where a distinct and

positive representation of fraud has been relied upon and has induced action. Judd v. Walker, 114 Mo. App. 128; Judd v. Walker, 215 Mo. App. 312; Davis v. Foreman, 228 Mo. 27; Langdon v. Greene, 49 Mo. 363; Leicher v. Keeney, 98 Mo. App. 394; Hess v. Draffen, 99 Mo. App. 580; McGee v. Bell, 170 Mo. 121. (4) A contract may be avoided at law by proving that it was procured through fraudulent representations of plaintiff. Isaacs v. Strainker, 13 Mo. App. 593; Hamoth v. Street Railway, 129 Mo. 629; McFarland v. Railroad, 125 Mo. 253.

*E. H. Farnsworth, Lamar, Lamar & Lamar* for respondent.

(1) To defeat a recovery by plaintiff, defendant must establish the following facts: 1st. That false and fraudulent representations of material facts were made to him by plaintiff. 2d. That he relied on them and believed them to be true. 3d. That this reliance upon them was an act of ordinary prudence on his part. Foundry Co. v. Heskit, 125 Mo. App. 531; Parrett v. Rebeneck, 81 Mo. App. 495; Stratton v. Dudding, 147 S. W. 512; Development Co. v. Silva, 125 U. S. 357. (2) The question arises, what is material fact? The opinions and predictions expressed by a vendor intended to enhance the value of the property in the eyes of a prospective buyer are not facts, and though false, and known by the vendor to be false and untrue, are not fraudulent in law, immoral though it may be. This rule applies to expressions as to value, as to fertility of soil, as to what it will produce per acre, as to richness of soil, etc. Cooley on Torts (2 Ed.), 565; Brown v. Lead & Mining Co., 194 Mo. 681; Cornwall v. McFarland, 150 Mo. 377; Williams v. Jackson, 167 Mo. 156; Dunn v. White, 63 Mo. 186; Anderson v. McPike, 86 Mo. 300; White v. Ringo, 122 Mo. 322; Anderson v. Walden, 89 Mo. App. 171; United States v. Silva, 125 U. S. 259, 31 L. Ed. 680; Gustafson

v. Rystemeyer, 70 Conn. 125, 66 Am. St. 92; Crocker v. Manley, 164 Ill. 282, 56 Am. St. 196; Ausley v. Bank, 113 Ala. 467, 56 Am. St. 122; Wren v. Moncure, 28 S. E. 588; Stevens v. Land Co., 25 So. 995. (3) Even if the representations are as to facts and not mere puffing of wares, or expressions of opinions by the seller, it must be shown in order to avoid the contract, that the buyer relied and depended upon such representations and that his reliance thereon was an act of ordinary prudence. Dunn v. White, 63 Mo. 186; Thompson v. Newall, 118 Mo. App. 409; Lewis v. Land Co., 124 Mo. 687; Anderson v. McPike, 86 Mo. 293; Hitchcock v. Bauhan, 36 Mo. App. 216; Stratton v. Dudding, 147 S. W. 517; Cornwall v. McFarland, 150 Mo. 383; Foundry Co. v. Heskit, 125 Mo. App. 531. (4) Where the purchaser undertakes to make an investigation of his own and the vendor does nothing to prevent his investigation from being as full as the purchaser wishes to make it, the purchaser cannot afterwards allege that the vendor made false representations. 20 Cyc. 39; Shearer & Martin v. Hill, 125 Mo. App. 375; Anderson v. McPike, 86 Mo. 300; Priest v. White, 89 Mo. 609, 123 Mo. App. 61; Moore v. Rathbone, 49 Mo. 91; Younger v. Hoke, 211 Mo. 458; Langden v. Green, 49 Mo. 363; Williams v. Jackson, 167 Mo. 156; Brown v. Lead Co., 194 Mo. 681. (5) If a party has at hand the means of learning the facts, and neglects to avail himself of them, he cannot avoid the contract on the ground that he was deceived. Thompson v. Newall, 118 Mo. App. 413; Lewis v. Land Co., 124 Mo. 672; Bradford v. Wright, 145 Mo. App. 631; Brownlow v. Woolard, 61 Mo. App. 133; Adams v. Barber, 157 Mo. App. 395; Davis v. Insurance Co., 81 Mo. App. 264; Dunn v. White, 63 Mo. 186; Farrar v. Churchill, 135 U. S. 615, 34 L. Ed. 250.

COX, J.—Plaintiff sold defendant a farm in Wright county and the parties entered into a written

contract by which defendant agreed to and did deposit $1000 in a bank to await the preparation of title papers and the execution of the deed by plaintiff. It was also agreed that on the completion of the terms of sale, the $1000 was to be paid to plaintiff as a part payment on the land, but if plaintiff should comply with the requirements of the contract upon his part and defendant should refuse to comply, the $1000 was to be paid to plaintiff as liquidated damages. As appears from the record before us, no question was made that plaintiff had not complied with the terms of the contract but defendant refused to take the land and alleged as reason therefor that fraud had been practiced upon him in the sale. The plaintiff brought suit for the $1000 and defendant sought to justify his refusal to take the land by alleging that he was induced to enter into the contract by fraud of the following character.

That defendant was a stranger in that section of the country and wholly unfamiliar with the character or productiveness of the soil and that he told plaintiff and his agent with whom he dealt that he wanted a good rich soil that would produce a good crop without the use of commercial fertilizer and that he would not purchase a farm which required the use of such fertilizer at any price and also told plaintiff that he was not familiar with the character of the soil in that locality but would have to rely upon his honesty to tell him the truth in regard to the character, quality and fertility of the soil and that plaintiff and his agent falsely and fraudulently represented that this farm was of a good rich soil and would produce good crops without the use of commercial fertilizer when in fact the soil was thin and unproductive and plaintiff knew that fact and had used commercial fertilizer on this land each year for a number of years. The evidence of defendant tended strongly to support the allegations of his answer but at the close of his testi-

mony the court peremptorily instructed the jury to find for plaintiff and defendant has appealed.

The trial court held that the burden of proof was upon defendant and the only question for our determination is whether his proof was sufficient to take his case to the jury on the question of fraud. The rules of law applicable to fraudulent representations generally are well settled and as applied to the facts of this case present only two questions:

First: Were the representations of such character as to come within the legal definition of fraud?

Second: Did the defendant rely upon these representations in making the purchase?

If the representations were mere expressions of opinion as distinguished from representations as to existing facts, they could not be made the basis of an action for fraud. [Brown v. Lead and Mining Co., 194 Mo. 681, 92 S. W. 699.] To be actionable, the representations must relate to a material fact inducing the purchase and not a mere expression of opinion. Do the alleged representations in this case meet that test?

Generally, representations as to whether or not the soil of certain land is productive or will produce a certain amount of grain to the acre, etc., are regarded as mere expressions of opinion and therefore not actionable but in this case we have a different situation. This defendant was not acquainted with the character of the soil in that locality and hence could not form an opinion of his own as to its fertility. Knowing that fact, he fixed a test by which to judge it, which was that it should produce a good crop without the use of commercial fertilizer and notified plaintiff that he would not buy a farm that required the use of such fertilizer and also notified him that he, defendant, was not competent to judge the productiveness of that soil and would have to rely upon plaintiff to tell him the truth about it. According to defendant's testi-

mony, plaintiff abused his confidence and intentionally falsely represented to defendant that the soil was rich and fertilizer not required when in fact the soil was thin and plaintiff had used fertilizer upon it for a number of years and plaintiff knew that a good crop could not be produced without the use of such fertilizer. When defendant fixed a test by which to judge the soil and notified plaintiff that he could not determine the question of fertility but would have to rely upon plaintiff's honor to tell him the truth about it, it would seem that common honesty would have required plaintiff to give defendant such information as he had and the concealment of the fact that he had used a commercial fertilizer on the land for years and the assertion that the use of such fertilizer was unnecessary and the fact that defendant had notified him that he would not purchase land requiring the use of such fertilizer, in our judgment takes the representations out of the realm of mere expression of opinion and brings them under the rule of misrepresentation as to a material fact and is actionable. [Judd v. Walker, 215 Mo. 312, 114 S. W. 979.]

Did defendant rely upon these representations? He testified that he did. He also testified that he sent his son to examine the land to ascertain whether or not there was hardpan under the soil. The son made the examination and reported that he found none. Respondent contends that this evidence shows that defendant did not rely upon the representations of plaintiff if made. If the representations as to character and fertility of the soil were true, yet, if there was hardpan under it this fact might, in certain seasons, prevent a good crop while in other seasons it would not. In the absence of any testimony as to the effect upon the soil of hardpan under it, we cannot say that the presence or absence of hardpan had any necessary connection with the fertility of the soil and the fact

167 Mo. App.—23

that defendant made an investigation as to the presence or absence of hardpan upon his own account does not necessarily conflict with his testimony that he relied upon the representations of plaintiff as to the fertility of the soil.

We are of the opinion that the question whether the representations were mere expressions of opinion and should have been so regarded by defendant or were misrepresentations of facts and also the question as to whether defendant in fact relied upon the representations were, under the evidence in this case, questions for the jury and the court erred in giving a peremptory instruction to find for plaintiff.

Judgment reversed and cause remanded.    All concur.