## SIMS v. WARD et al.

No. 9662—Opinion Filed March 30, 1920.

(Syllabus by the Court.)

**1. Appeal and Error—Findings of Court—Weight and Effect.**

A cause of action having been tried to a court without a jury, a general finding by said court in favor of one of the parties will be given, upon appeal, the same weight and effect as the verdict of a jury.

**2. Bills and Notes—Action—Defense of Payment.**

The record examined, and held, that the evidence is sufficient to support the judgment of the court.

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Action on note and mortgage by B. O. Sims against Nettie Ward and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Huddleston & Stephenson, for plaintiff in error.

S. L. O'Bannon, for defendants in error.

McNEILL, J. This was an action commenced by plaintiff in error, plaintiff below, against the defendants in error, defendants below, in the district court of Okfuskee county to recover upon a promissory note in the sum of $350, and to foreclose a real estate mortgage given to secure said note. Defendants answered and pleaded payment. A jury was waived and the case tried to the court. From a judgment in favor of defendants, plaintiff appealed.

For reversal of said case, the assignments of error may be summed up as one proposition, to wit, the sufficiency of the evidence to support the judgment of the court. The record disclosed that on November 5, 1910, Elmer Ward and Nettie Ward executed five notes payable to B. O. Sims, one for $200, due December 1, 1911; one for $300, due December 1, 1912; one for $300, due December 1, 1913; one for $350, due December 1, 1914; one for $350, due December 1, 1915, and at the same time executed a mortgage to secure the payment of said indebtedness. Elmer Ward died and left surviving him Nettie Ward, his widow, and Ora L. Ward, his minor child, who defended through James L. Ward, her guardian. The record discloses the first note, in the sum of $200, was paid in 1910. The second note, in the sum of $300, due December 1, 1912, was introduced in evidence and was indorsed by Sims as paid in full December 31, 1911; the third, $300 note, due December 1, 1913, was also introduced in evidence, and

was indorsed by Sims as paid November 8, 1914. The $350 note, due December 1, 1915, was introduced in evidence, and was indorsed by Sims as paid November 25, 1913. The ₣350 note, due December 1, 1914, is the note in controversy. To prove said note was paid, defendants in error introduced in evidence a check for the sum of $352 dated November 18, 1915, payable to Sims, which check was cashed by Sims, and the money received thereon by him. There was also introduced in evidence a check for $28 which defendants claim was to pay the interest due on said note, and testimony was introduced to show there was $28 paid in cash. Defendants in error assert that at the time of giving said check for $352 there was only one note remaining unpaid, and said check paid the same. The plaintiff in error, Sims, testified that he had made a mistake some way in indorsing the notes, and surrendering the same, and that he had marked paid a $350 note at one time when he should only have marked a $300 note, and claims he has only received $1,505.40, the same being insufficient to cancel the total indebtedness.

It is disclosed from the indorsements of the notes made by Sims that there was only one note remaining unpaid in 1915. The $56 was sufficient to pay the interest on the same, when taken in connection with the indorsements on the other notes, and $352 would pay the note. While plaintiff aserts that he has made some mistake regarding the marking of the notes paid and in surrendering the same, yet we are unable to ascertain from the record what this mistake was, and the finding of the trial court discloses he was unable to ascertain this from the evidence.

An examination of the record discloses that when the trial judge was examining Mr. Sims, after asking him to explain how he had applied the credit of $352, the following testimony was given:

"Q. Well, now, I wish you would take these notes and see if you can find where you gave him credit for the $352 check on the notes? (All parties try to figure out the proposition.) By the Court: Q. $1,505.40, you claim that has been paid? A. Yes, sir."

So it is evident from this state of the record that the trial court was unable to ascertain how the plaintiff had given the defendants credit for $352, and we are unable to ascertain the same from the examination of the record. This being a jury case, the jury was waived and tried to the court, and the court made his findings thereon, and the law applicable thereto is stated in the case of Roberts v. Mosier, 35 Okla. 691, 132 Pac. 678, as follows:

"A cause having been tried to a court without a jury, a general finding by said court in favor of one of the parties will be given, upon appeal, the same weight and effect as the verdict of a jury."

An examination of the record discloses there was sufficient evidence to support the judgment of the court.

For the reasons stated, the judgment of the court is affirmed.

OWEN, C. J., and PITCHFORD, HIGGINS, and BAILEY, JJ., concur.