## ROGERS v. BRUMMETT et ux.

No. 14145—Opinion Filed Sept. 25, 1923.

**1. Trial—General Finding—Effect.**

A general finding of fact in favor of the plaintiffs is a finding of fact against the defendant, on all material issues of fact involved in the trial of the case.

**2. Principal and Agent — Liability of Agent for Torts.**

If the agent, acting within the scope of his authority, in the pursuit of a lawful purpose, steps aside to engage in a tortious act to the injury of property or personal rights of another, the agent becomes liable in damages for the injury done.

**3. Same—Liability of Principal by Ratification.**

If the principal acquiesces or aids, or accepts the fruits of the agent's acts, with knowledge of the wrong, he becomes jointly and severally liable with the agent for all damages suffered.

**4. Same—Rights of Action Against Agent — Wrongful Inducement to Purchase Land.**

If the agent wrongfully induces the plaintiff to enter into a contract with his principal to purchase real estate from a third person, plaintiff's right to recover against the agent for his tortious acts does not depend upon being able to show that the grantor was a party to the wrong leading up to the conveyance to plaintiff.

**5. Same—Necessary Parties.**

The plaintiffs are not required to join the vendor of the Texas land, for the cancellation of the deed in this action, with the agent against whom recovery is sought for cancellation of the real estate mortgage given, and money paid as part of the purchase price for the land, in order to be entitled to judgment against the said agent of the W. E. Stewart Land Company.

**6. Same—Issues.**

In an action against the defendant, who acted as agent for the W. E. Stewart Land Company, in wrongfully procuring the plaintiffs to execute a contract for the purchase of the real estate from the Stewart Mortgage Company, it is of no concern to the defendant that the plaintiffs have not tendered a return of the title to the vendor. This is a question between the vendor and plaintiffs in any action between them.

**7. Fraud—Mere Opinions as to Value.**

Mere statements of values or opinions of values made to the purchaser, even though untrue, do not constitute actionable fraud, unless other false or fraudulent acts follow, which are calculated to, and would ordinarily mislead a purchaser, in the exercise of that degree of care that an ordinary prudent person would use in dealing with his own business affairs.

**8. Same—False Statements in Fraudulent Schemes.**

If the false statement as to value of property is one act of a series of fraudulent acts made by the vendor for the purpose of inducing the plaintiff to purchase the property, which are calculated to, and would mislead the purchaser in the exercise of that degree of care that an ordinarily prudent person would use in his own business affairs, the false statements as to value become an element of actionable fraud.

**9. Same—Parties Plaintiff—Judgment—Effect of General Finding.**

If two or more parties joined in an action for fraud, the fact that one of the plaintiffs failed to testify will not prevent judgment going for the particular plaintiff on the general finding of fact in favor of the plaintiffs. If the general finding on the issues of fact is in favor of the plaintiffs, it will be presumed that the fraudulent representations induced the plaintiff to act.

**10. Appeal and Error — Review of Equity Cases.**

In cases of purely equitable cognizance, this court will not reverse a judgment of the trial court unless it is clearly against the weight of the evidence.

**11. Same—Affirmance.**

Record examined, and held to support the finding in favor of the plaintiffs.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Creek County: Lucien B. Wright, Judge.

Action by Annie Brummet and Charles Brummet for cancellation of notes and real estate mortgage, and for recovery of money against M. E. Rogers. Judgment for plaintiffs. Defendant brings error. Affirmed.

C. O. French, Milton S. Schwind, and Turner & Norvell, for plaintiff in error.

Malcolm E. Rosser and James J. Mars, for defendants in error.

Opinion by STEPHENSON, C. The plaintiffs commenced their action in the district court of Creek county against the defendant for cancellation of a real estate mortgage, and notes in the sum of $4,460, and for the recovery of $2,000, alleged to have been paid to the defendant as a portion of the purchase price for real estate. The plaintiffs allege for their cause of action that the defendant came to their home in Creek county, with a friend of the Brummet's, for the purpose of interesting the plaintiffs in the purchase of a tract of land. The defendant stated that he was representing the W. E. Stewart Land Company, which owned a considerable body of land in Hidalgo county, Tex. The defendant represented that the vicinity in which the land was situated was free from insects destructive to crops that might be grown on the land; that the land was well suited for the growth of the usual farm products, trucking, and the growth of several varieties of tropical fruits. The defendant further represented that the land was fertile and had been, or would be provided with ample irrigation facilities, and that an adequate water supply was available for irrigating the holdings of the land company. The defendant stated that when the land was cleared and put in a state of cultivation, it would be worth $11,000 per acre, and the reasonable rental value of $40 or $50 per acre. The plaintiffs offered proof to show that the defendant induced the plaintiffs, along with a number of other people, to go on an excursion trip, conducted by the W. E. Stewart Land Company, to Hidalgo county, Tex., to view the land. When the excursion party, composed of about 75 or 100 people, reached Galveston, the land company banqueted the party at the Galvez Hotel. Music was furnished for the entertainment of the guests, at the expense of the company, and several persons who appeared to the guests to be disinterested parties addressed the excursion party, elaborating on the statements previously made by the defendant, as to the desirableness and fitness of the defendant's lands to meet the needs and requirements of the proposed purchasers. The excursion party proceeded by train to Mercedes, Tex., where a sufficient number of automobiles had been provided by the land company to transport the excursion party to a club house owned by the company, situated on or near its land holdings. A dinner was set at the club house for the party, with music furnished by an orchestra for the entertainment of the party. Again a number of persons addressed the party in the evening, setting forth the peculiar advantages and values of the holdings of the land company in that vicinity. The following day the land company took the members of the party in automobiles over the land and showed a 30-acre tract of the land to the plaintiffs. The following day, and on or about July 28th, through the defendant, the plaintiffs entered into a contract with the land company to purchase the 30-acre tract of land from the Stewart Mortgage Company, for $450 per acre. The plaintiffs paid $1,000 cash to apply on the purchase price and executed and delivered vendor's lien notes to the Stewart Mortgage Company, for $5,750, due in 90 days from date, to apply as part payment of the purchase price. The defendant came to the home of plaintiffs about August 9th, following, and stated to them, if they would, then, pay the notes due in 90 days, a liberal discount would be allowed on the notes. The plaintiffs had only $1,000 in cash, and the defendant offered to advance as a loan the balance of the money to pay the notes, to be secured by a mortgage to the defendant on the land of plaintiffs situated in Creek county. The plaintiffs accepted the offer, paid the $1,000 cash to the defendant, and executed and delivered to him notes secured by a real estate mortgage on the Creek county land for the sum of $4,460. The land notes were canceled and returned to the plaintiffs. A deed for the 30 acres of land covered by the contract of sale, of the W. E. Stewart Land Company, was executed and delivered to the plaintiffs by the Stewart Mortgage Company. The plaintiffs testified that later inquiry of resident persons familiar with the land in question developed that the land which they had purchased was what is known as overflow land, and had overflowed at times to a depth of some seven or eight feet. The plaintiff Charles Brummet testified that he was not familiar with the nature and class of the land which the defendant caused him to purchase through the Stewart Land Company. The plaintiff offered proof to show that the land was what is known as gumbo land, and was nonproductive, and worthless for growing the crops enumerated by the defendant. It was also in evidence that sufficient irrigation facilities had not been pro-

vided for irrigating the land. The plaintiff proved by a government survey and report that the water supply available for irrigating the land offered for sale by the Stewart Land Company, would be inadequate to irrigate more than half of the land. The plaintiffs offered proof to the effect that the residents who occupied land in the vicinity of the land in question, with whom the defendant and land company brought the plaintiff in contact, and who repeated the representations previously made by the defendant, and the persons who had addressed the company, were acting for the land company, as well as the parties who had addressed the prospective purchasers. The plaintiffs introduced further proof to the effect that the club house was surrounded by a wire enclosure, through which two entrances had been provided to the club house, the gates being in charge of agents of the land company in order to guard against the plaintiff and other members of the party coming into contact with residents of the vicinity who might inform them of the value, nature, and condition of the land. The plaintiffs alleged that the representations made to them, by the defendant, and through parties for the land company, were false and fraudulent, and were falsely made to the plaintiffs for the purpose of inducing the latter to enter into a contract for the purchase of a part of the land then being offered for sale. The plaintiffs further alleged that the actions of the defendant, and the land company, in preventing them from coming into contact with residents who might give them true statements as to conditions of the country, the fertility of the land, and the values thereof, prevented them from making the inquiries they ordinarily would have made. The plaintiffs alleged that further deception was practiced upon them by bringing them into contact with apparent residents and farm owners of the vicinity who were acting for the land company in making favorable statements about the land and its value.

The defendant joined issue on the allegations of the petition of plaintiffs, and a trial was had between the parties, which resulted in a judgment against the defendant for the $1,000 paid at the time of executing the mortgage on August 9th, and for cancellation of the notes and mortgage. The court denied recovery to plaintiffs for the $1,000 paid at the time of executing the sales contract. The defendant has brought error thereon to this court and seeks a reversal, because:

(a) That the mortgage sought to be canceled herein was not a part of the purchase price for the land, and was the personal loan of the defendant to plaintiffs.

(b) The evidence is not sufficient to support the verdict rendered in favor of the plaintiffs and against the defendant.

(c) The defendant having acted in the capacity of agent for the land company, is not liable for the acts complained about.

(d) That the plaintiffs are not entitled to the cancellation of the mortgage in the absence of cancellation of the contract for the sale of the land and the vesting of the title to the Texas land in the vendor.

(e) That misstatement of values of property are not deemed actionable fraud.

(f) That the plaintiff Annie Brummet was not entitled to judgment, for the reason that she did not testify in the cause and show that the fraudulent statements, if any, induced her to enter into the contract.

1. The status of the real estate mortgage involved in this action, and whether or not it was one of the products of the alleged wrongful sale of the property to the plaintiffs, were issues of fact for determination by the court in the trial of the cause. The general findings against the defendant carried with it a finding in favor of the plaintiffs and against the defendant as to the status and purpose of the mortgage sought to be canceled, as well as all other issues of fact involved in the trial of the cause. Martin Brown Co. v. Morris, 1 Ind. Ter. 495, 42 S. W. 423; Hockiday v. Jones, 8 Okla. 156, 56 Pac. 1054; Hunter Realty Co. v. Spencer, 21 Okla. 155, 95 Pac. 757; Standard Lumber Co. v. Miller & Vidor Lumber Co., 21 Okla. 617, 96 Pac. 761; Schafer v. Lee, 64 Okla. 106, 166 Pac. 94; Sims v. Ward, 78 Okla. 72, 188 Pac. 884.

2. The defendant complains that the judgment of the court is not supported by sufficient evidence. In cases of purely equitble cognizance, the finding of fact by the trial court will not be disturbed by this court on appeal, unless the judgment is clearly against the weight of the evidence. We have examined the record, and are of the opinion that the finding of fact is supported by the record upon all material issues. Interstate Bldg. & Loan Co. v. Oklahoma City, 84 Okla. 227, 203 Pac. 172; Parks v. Sinai Oil Co., 83 Okla. 295, 201 Pac. 517; Johnson v. Johnson, 85 Okla. 274, 206 Pac. 205.

3. In considering other errors of law assigned by the defendant, as the general finding of fact for the plaintiffs is not against the weight of the evidence, the de-

fendant occupies the same status as if he had admitted the truth of the allegations of the petition.

The defendant makes the point that he is not liable, for the reason that he acted in the capacity of agent for the Stewart Land Company. The law of principal and agent does not apply when the agent, in pursuit of a lawful purpose, steps aside, and engages in the commission of a wrong, to the injury of the property or personal rights of another. If the principal acquiesces, aids, or knowingly accepts the benefits of the acts of the agent in the wrongful undertaking, both the principal and agent become joint tort-feasors. Instead of the relation of principal and agent existing and the law relating thereto being applicable, the transaction resolves itself into a conspiracy between and among the parties engaged in the commission of the wrong, and each and every party accepting the benefits with knowledge of the wrong, and aiding or engaging in the wrong, are tort-feasors, and the law will hold each party jointly and severally liable in damages for the injury suffered by the wronged person. Riley v. Bell (Iowa) 95 N. W. 170; Hoffman v. Taft (Ore.) 142 Pac. 365; Gannon et al. v. Hausamon, 42 Okla. 41, 140 Pac. 407; Fidelity Funding Co. v. Vaughn, 18 Okla. 13, 90 Pac. 34; Elliott v. Swartwout, 10 Pet. 137, 9 L. Ed 373; Hardy v. American Express Co., 182 Mass. 328, 65 N. E. 375, 59 L. R. A. 731; Bocchino v. State, 67 N. J. L. 467, 51 Atl. 487; Moore v. Shields (Ind.) 23 N. E. 89.

4. The right of the plaintiffs to have a cancellation of the notes and mortgage, and for the sums of money paid on the purchase price of the Texas land, does not in this case depend upon the plaintiffs being able to bring the grantor of the land into court for a tender of the title. The Stewart Mortgage Company is a Missouri corporation, and the W. E. Stewart Land Company is a Delaware corporation, and neither corporation has designated an agent, resident of the state of Oklahoma, upon whom service of process can be had in a pending cause. It was necessary for the plaintiffs to institute and maintain their action for the cancellation of the notes and mortgage in the district court of Creek county, in which county the land covered by the mortgage was situated. Personal service of summons in this action was served on the defendant in the state of Oklahoma. The defendant was admittedly the agent of the W. E. Stewart Land Company in procuring the plaintiffs to go on the excursion to Hidalgo county, Tex., to view the land. There is

proof and the finding of fact by the court binds the defendant on the proposition that he participated in the matters and acts that led up to the contract for the purchase of the land by the plaintiffs, and the sale by the Stewart Mortgage Company, which purported to own the title to the Texas land. The plaintiffs are not required to show that the Stewart Mortgage Company, through its agents, was acting with the Stewart Land Company, and the defendant, in making the sale of the land to the plaintiffs to establish rights to recover against the defendant. It would not affect plaintiffs' right to recover against the defendant in this action if it had appeared that the Stewart Mortgage Company was free from any wrong in the matters that led up to its conveyance of the land to the plaintiffs. If the contrary should appear in an action between the Mortgage Company and the plaintiffs, it would be liable for all damages suffered by the plaintiffs, but the plaintiffs would be required to tender the title to the vendor received through the conveyance of the Texas land. The proof does not show that the plaintiffs received anything through the contract of sale from the defendant, hence the latter is not entitled to any return. Neither is it any concern of the defendant that the plaintiffs have not restored the title of the Texas land to the grantor; nor that the plaintiffs have not commenced their action against the W. E. Stewart Land Company, and the Stewart Mortgage Company, for a rescission of the contract for the sale of the Texas land. It is sufficient in this case for the plaintiffs to show that the defendant wrongfully engaged in and brought about the injury suffered by plaintiffs, to establish their right of recovery, and relief for damages suffered. Bartholmew v. Bentley, 15 Ohio, 659, 45 Am. Dec. 596.

5. Mere statements as to the value of property, though untrue, standing alone, made to a prospective purchaser, do not constitute actionable fraud unless other false and wrongful statements or wrongful acts follow which are calculated to, and would ordinarily mislead a purchaser in the exercise of that degree of care that an ordinarily prudent person would use in his own business affairs. False statements of value so made in the manner last named become actionable fraud. If the false statement as to the value of the property is one act of a series of fraudulent acts made by the vendor for the purpose of inducing the purchaser to buy, and which are calculated to, and ordinarily would induce a person to

act, even though in the exercise of ordinary care, the false statements as to the value will be considered as one of the elements to actionable fraud. The vendor of property will not be permitted to overreach a purchaser in a manner that is ordinarily calculated to mislead a person in the exercise of ordinary care, and escape liability for the wrongful acts. There is quite a difference between mere statements of opinion as to the value of property, made to a purchaser who is left free to follow up the usual opportunities for investigation, and where the vendor takes steps to safeguard and prevent the purchaser from making inquiries among people who are familiar with the property and its values. Nor is it a defense to an action for fraud that the grantor or his agent carried the purchaser onto the property for viewing the same, when there are conditions affecting the value of the property that are not apparent to the purchaser, and which are known to the grantor. If the vendor of property by his acts prevents the purchaser from making inquiry as to the conditions and value of the property among the people residing in the vicinity, and if the series of wrongful acts upon the part of the vendor are done for the purpose of inducing the purchaser to acquire the property, which he would not otherwise do, except for the fraudulent and wrongful acts, the wrongdoer will be liable for damages for the injury suffered by the purchaser. Werline v. Alred, 57 Okla. 391, 157 Pac. 305; Hood v. Wood, 61 Okla. 294, 161 Pac. 210; Dalton v. Hooper, 74 Oklahoma, 177 Pac. 571; Beck v. Findley, 77 Okla. 213, 187 Pac 488; Humphrey v. Baker, 71 Oklahoma, 176 Pac. 896; Cooper v. Ft. Smith & Western Ry. Co., 23 Okla. 139, 99 Pac. 785; Reager v. Henry, 48 Okla. 759, 150 Pac. 722; Crompton v. Beedle, 83 Vt. 287, 75 Atl. 331. Ann. Cases 1912-A 399; Benoit v. Perkins, (N. H.) 104 Atl. 254; Stewart v. Wyoming Cattle Ranch Co., 128 U. S. 383, 32 L. Ed. 439; Evans v. Palmer, 114 N. W. 912; Williamson v. Harris, (Mo.) 151 S. W. 500; Ricketts v. Thompson (N. J.) 68 Atl. 1075.

6. It is not material that Annie Brummet, the plaintiff, did not testify in the cause. The records show that she was just out of the hospital and not physically able to attend the trial. Annie Brummet was one of the plaintiffs in the cause, along with her husband. She had jointly with her husband undertook to allege a cause of action against the defendant. It was enough for the plaintiff, or plaintiffs, to introduce sufficient evidence to make out the allegations of the petition, or at least create an issue of fact for

determination by the court. It was not necessary that the proof be made by any particular person or persons. As before stated, the finding of fact was in favor of the plaintiffs, and this fact carried with it a finding upon all material issues of fact relating to the plaintiffs' right of recovery. The allegations of plaintiffs' petition are made, in legal effect, equivalent to the admission by the defendant of the truth thereof. Therefore, it will be presumed in this case that the plaintiff Annie Brummet acted upon and was induced by the false representations to pay the sums of money on the purchase price and execute the mortgage and notes involved herein. It would be out of the ordinary for normal persons to pay and bind themselves to pay $450 per acre for land which the evidence and record show was wholly unsuited for the needs of plaintiffs, and was of little value for the purposes for which the land was represented to be. Even though the plaintiff Annie Brummet did not testify in the cause, it will be presumed that the plaintiff was induced to act by the fraudulent acts and representations of the defendant. Ochs v. Woods, 221 N. Y. 335, 117 N. E. 305; Taylor v. Guest, 58 N. Y. 262; Crouch v. Chamness (Ind.) 51 N. E. 941; Chilson v. Houston, 9 N. D. 498, 84 N. W. 354; St. Marie v. Wells (Vt.) 108 Atl. 270.

7. The plaintiffs pray for the recovery of the $1,000 paid to the Stewart Land Company through the agent at the time the contract of sale was executed. The trial court denied recovery on this item, but it is not clear upon what ground the ruling was based. The ruling may have been based upon the fact that the payment was received by the land company, as principal. Even though this is true, it did not affect the plaintiffs' right to the recovery, as the defendant was liable for all sums of money and damages suffered by the sale. However, plaintiffs have not assigned error on the ruling.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.