Johnnie E. THOMAS, Appellee,

v.

Bennie J. COLVIN, and R. A. Coker, d/b/a Sherwood Motors, Appellants.

No. 50209.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 16, 1979.

Rehearing Denied Feb. 27, 1979.

Released for Publication by Order of Court of Appeals March 22, 1979.

---

[redacted]

[redacted]

[redacted]

Smith, Smith & Vaughan by Fred Vaughan, Jr., Oklahoma City, for appellee.

Burger, Wells, Duckworth & Coyle by Gary F. Duckworth, Oklahoma City, for appellants.

REYNOLDS, Judge:

Does an individual who does business as a sole proprietor under one or several names remain one person, personally liable for all his obligations?

Jury returned verdict in conversion action against defendant-appellant, R. A. Coker, d/b/a Sherwood Motors, for $1,625 actual damages and $17,500 punitive. Defendant appeals, contending that trial court erred in overruling his demurrer to plaintiff's evidence.

Plaintiff's action was premised on defendant's wrongful repossession of plaintiff's automobile. The car had been purchased from defendant on a credit plan, and the resulting security agreement and promissory note were assigned to B.F.T.C. Finance Corporation, of which Coker is president. Evidence established that Coker called Bennie Colvin in Oklahoma City and hired him to repossess the car. This was done even though plaintiff was not in default on the note.

[redacted] Defendant argues that trial court erred since evidence failed to establish that Colvin was the agent of "R. A. Coker, d/b/a Sherwood Motors." Defendant treats this nomenclature as a separate entity arguing that since Coker was not acting on behalf of Sherwood Motors when he hired Colvin and directed him to convert plaintiff's car, he is not liable. Coker argues that since he was not sued "individually" he is not responsible for any individual actions apart from the operation of Sherwood Motors. Plaintiff argues correctly that even though Colvin may not have been the agent of "Sherwood Motors" in repossessing the car, Coker's participation in the commission of this tort as an individual and as agent of B.F.T.C. makes him liable. *Rogers v. Brummett*, 92 Okl. 216, 220 P. 362 (1923).

[redacted] Defendant treats this case as if the use of the "d/b/a" designation limited the capacity in which he could be liable. No authority is cited to support this contention that a separate entity is created by this nomenclature. The Oklahoma Supreme Court decided in *National Surety Co. v. Oklahoma Presbyterian College for Girls*, 38 Okl. 429, 132 P. 652 (1913), that naming a sole proprietor defendant under his trade name was the same as naming the defendant individually.

This same result has been reached elsewhere. In *Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381 (D.Neb.1977), the court noted:

> The designation "d/b/a" means "doing business as" but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations.

See also, *Southern Ins. Co. v. Consumer Insurance Agency, Inc.*, 442 F.Supp. 30 (E.D.La.1977). R. A. Coker was before the trial court as a defendant individually liable for his actions whether performed on behalf of B.F.T.C. Finance Corporation or as operator of his other business.

Plaintiff presented sufficient evidence to support a finding that defendant participated in the commission of a tort in Oklahoma. There being no absence of proof, trial court properly overruled defendant's de-

murrer. *Fletcher v. Meadow Gold Co.*, Okl., 472 P.2d 885 (1970).

AFFIRMED.

ROMANG, P. J., and BOX, J., concur.