Clint MEACHAM, Appellant,

v.

OKLAHOMA BANK AND TRUST COMPANY, a corporation, Appellee.

No. 51712.

Court of Appeals of Oklahoma,
Division No. 1.

Aug. 21, 1979.

Released for Publication by Order of
Court of Appeals Sept. 20, 1979.

Loyde H. Warren, Oklahoma City, for appellant.

Ellis Cabaniss, Clinton, for appellee.

BOX, Judge:

An appeal by Clint Meacham from a judgment in favor of the Oklahoma Bank & Trust Company on a directed verdict. The Bank sought a judgment against Clint Meacham on a guaranty of the indebtedness of Bill Meacham d/b/a Bill Meacham Chevrolet. Although both Clint Meacham and Bill Meacham were defendants below, in this opinion we will refer to Clint Meacham as "the defendant."

It appears that in the late 1960's Bill Meacham owned and operated Bill Meacham Chevrolet in Cordell, Oklahoma. On November 6, 1967, the defendant executed the contract of guaranty in question, which reads in pertinent part:

The undersigned Guarantor, in consideration of credit given and to be given from time to time by The Oklahoma National Bank, Clinton, Oklahoma [the Bank's former name] (herein called "Bank"), to Bill Meacham dba Bill Meacham Chevrolet (herein called "Debtor"), guarantees the prompt payment when due of any and all liability or indebted-

ness of the Debtor to the Bank, now existing or which may hereafter arise, (all of which is hereinafter called "Indebtedness").

The obligation of the Guarantor hereunder is an absolute, unconditional and continuing guaranty of the Indebtedness and any renewals and extensions thereof and any substitution therefor up to the principal sum of Twenty Five Thousand and no/100 Dollars, even though the Indebtedness itself may exceed said sum, irrespective of any security for said Indebtedness.

In May 1970 Bill Meacham d/b/a Bill Meacham Chevrolet borrowed $8,000 from the Bank. Around this time Meacham resigned his Chevrolet dealership, which was terminated effective June 10, 1970; apparently the dealership was sold. On June 11, 1970, Bill Meacham borrowed $35,000 from the Bank. The proceeds of this latter loan were paid to the Farmers National Bank in Cordell, Oklahoma, to pay off an indebtedness there. Even though the car dealership had been terminated, the Bank continued to maintain separate accounts for Bill Meacham and Bill Meacham d/b/a Bill Meacham Chevrolet until October 27, 1971. At that time the entire dealership account was rewritten into Bill Meacham's personal account and Meacham borrowed $22,700, paying off the balance of the May 1970 ($8,000) note and the June 1970 ($35,000) note. A series of renewal notes brings us to the note in question. This note was for the principal sum of $13,000 and was executed by Bill Meacham on August 23, 1974; it was this note on which the Bank sued the defendant and obtained a judgment on the guaranty.

At the trial only one witness testified: Don Sappington, the Executive Vice-President of the Bank. The facts as related above are taken from his testimony and from the exhibits admitted. For his case the defendant only offered an exhibit: Defendant's Exhibit 5, a copy of the "Notice of Dealer Organization Change" from Chevrolet detailing the termination of the dealership, which was admitted over the Bank's

objection. When the defendant rested, the trial court sustained the Bank's motion for directed verdict (after allowing the defendant an opportunity to reopen his case and present testimony). From the judgment on the directed verdict, the defendant brings this appeal. We will take the defendant's contentions as they appear in his petition in error.

The first point of law urged as error by the defendant in his petition is as follows:

The Plaintiff's [sic] failed to support their burden of proof as to the prescribed condition precedent of the guaranty that the money loaned to Bill Meacham be for the purposes of Bill Meacham doing business as Bill Meacham Chevrolet. This is shown by the lack of any evidence which shows that the purpose of the disputed loan, made to Bill Meacham, as an individual, after the termination of his business, was used in paying off business related debts. Also, there is no evidence which shows the existence of any debts of Bill Meacham Chevrolet beyond those which were owed to Oklahoma Bank And Trust Company, and there is no evidence which shows that the funds loaned to Bill Meacham in his individual capacity were used for the purpose of paying off any debts of Bill Meachem Chevrolet.

This point actually has two parts: (1) that the guaranty provided for a condition precedent and (2) that the Bank failed to show that the loan related to any indebtedness of Bill Meacham Chevrolet.

■ The defendant refers us to the principle of interpreting contracts found in 15 O.S.1971, § 157:

The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others.

This principle and a common-sense reading of the guaranty lead us to the conclusion that to be covered by the guaranty, any loan made by the Bank to Bill Meacham must have been related to the car dealership. It does not follow, however, that there was a "condition precedent" in the guaranty that Bill Meacham must have still been doing business as Bill Meacham Chevrolet at the time of the note. As this Court has held:

A condition precedent of a contract is one calling for *the performance of some act or happening of some event after the contract is entered into*, upon which its obligations are made to depend.

*In re Estate of Dillon (Dillon v. Dillon),* Okl.App., 575 P.2d 127, 130 (emphasis added). No such subsequent act or event appears to make this contract of guaranty conditional. It is therefore unconditional. 15 O.S.1971, § 331 provides:

A guaranty is to be deemed unconditional unless its terms import some condition precedent to the liability of the guarantor.

Though there was no condition precedent that Bill Meacham still be doing business as Bill Meacham Chevrolet *at the time* of the note, it was necessary that the note represent an *indebtedness* of Bill Meacham related to the business. The defendant argues that the Bank failed to prove this.

■ First, the defendant in his brief makes much of the fact that the guaranty was of indebtedness of "Bill Meacham dba Bill Meacham Chevrolet," while the note in question was executed by Bill Meacham "individually." But this distinction has no legal effect. We recently held:

The designation "d/b/a" means "doing business as" but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations.

*Thomas v. Colvin,* Okl.App., 592 P.2d 982, 983, quoting *Duval v. Midwest Auto City, Inc.,* 425 F.Supp. 1381, 1387 (D.Neb.1977).

■ Second, we note that the guaranty contract specifically covers renewals. It is the Bank's position that the note in question, the August 1974 note for $13,000, was

the last of a series of renewals of the June 1970 ($35,000) note. Such was Don Sappington's testimony. Mr. Sappington also testified that Bill Meacham's indebtedness to the Cordell bank, paid off with the proceeds of the June 1970 note, was related to the Chevrolet business. This testimony stands without any contradiction whatsoever from the defendant. It is well settled that when there is no evidence tending to disprove in any way the proof offered by the plaintiff, a verdict should be directed in favor of the plaintiff. *E.g., Offutt v. Wagoner*, 39 Okl. 458, 120 P. 1018, 1019–20. Accordingly, the direction of the verdict by the trial court in this case was proper.

 The second point of law urged as error by the defendant in his petition in error is this:

> The Defendant's evidence also clearly shows that the original business loan by which they seek to impose liability upon Clint Meacham was paid off on or about October 27, 1971, thereby making any subsequent transfers to Bill Meacham new loans rather than renewals of this previous business loan. And, thereby causing these loans to fall beyond the parameters of the guaranty. Due to its condition precedent requiring the loans be made to Bill Meacham doing business as Bill Meacham Chevrolet.

(*Sic*). We have said that there was no condition precedent involved. We have also implied, and we now hold, that under the evidence before the trial court the loans were *within* the parameters of the guaranty.

We are left, then, with the defendant's contention that the note in question was a new loan rather than a renewal because the original business loan was "paid off" on October 27, 1971. It is true that the balance on the original note, the June 1970 note, was reduced to zero. But what happened on that date, according to the Bank's testimony, is that Bill Meacham's business accounts were all rewritten into his personal account, the business accounts were closed, and a renewal note was written for the remaining indebtedness. The guaranty covers renewals, and the evidence showed that the note in question was a renewal note for the indebtedness of the Chevrolet business. Accordingly, the defendant was not discharged from liability on the guaranty.

We find the action of the trial court in directing a verdict for the Bank to be proper. The judgment on the verdict is therefore affirmed.

AFFIRMED.

ROMANG, P. J., and REYNOLDS, J., concur.