7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 D. Robert JOHNSON; Brian Head Associates, Plaintiffs-Appellants,
v.
SAVINGS INVESTMENT SERVICE CORPORATION; Jack Cornelius,
Trustee, Defendants-Appellees.
 No. 93-6010.
 United States Court of Appeals, Tenth Circuit.
 Oct. 4, 1993.
 
 ORDER AND JUDGMENT[1]
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs-appellants D. Robert Johnson and Brian Head Associates appeal the district court's affirmance of a bankruptcy order overruling their objection to defendants-appellees' Notice of Final Report and Proposed Distribution.
 
 
 3
 In 1989, defendant Savings Investment Service Corporation (SISCorp), by its Chapter 7 trustee, Jack Cornelius (Trustee), and Brian Head Associates (BHA) executed a contract whereby the Trustee agreed to sell to BHA the SISCorp secured claim filed in a Chapter 11 proceeding in Utah wherein the debtor was another entity, Brian Head Enterprises Inc., together with any recovery from litigation pending between the Trustee and a third-party financial entity, the Northwest Group. The transaction was contingent upon no "successful objection" being interposed in SISCorp's Chapter 7 proceedings. The purchase price was $1,875,000. Upon execution of the agreement, plaintiff Johnson, a principal in BHA, paid $100,000 to the SISCorp Trustee. This amount is referred to in the Agreement as "[a] non-refundable down payment." Appellant's App. at 20. The dispute in this case is whether the SISCorp Trustee should have returned the $100,000 when he was unable to transfer the claim pursuant to the contract.
 
 
 4
 In May 1992, as part of his effort to close the SISCorp bankruptcy case, the Trustee filed his Notice of Final Report and Proposed Distribution. Because the proposed distribution did not provide for the return of the $100,000 down payment to plaintiffs, they lodged an objection to the report. After reviewing the agreement of the parties, both the bankruptcy court and the district court ruled in favor of the Trustee, holding that the $100,000 did not have to be returned to plaintiffs.
 
 
 5
 The relevant portions of the agreement are the following:
 
 
 6
 This Agreement is entered into ... for the purpose of transfer by Trustee of all his rights, title and interest in the Trustee's claim (the Brian Head
 
 
 7
 Claim) asserted in the Brian Head Enterprises, Inc. bankruptcy proceedings....
 
 
 8
 A. PAYMENTS. Brian Head Associates agrees to pay to Trustee the total sum of One Million Eight Hundred Seventy-Five Thousand Dollars ($1,875,000.00) (the Purchase Price). A non-refundable down payment of One Hundred Thousand Dollars shall be paid upon execution herof [sic], which sum shall be credited toward the Purchase Price, the balance of which shall be due and payable on or before the earlier of October 9, 1989, or upon the date of the running, without objection being filed, of the notice period in accordance with paragraph C hereof. In the event an objection is interposed, said balance shall be immediately due and payable only upon a determination by the Court overruling said objection.
 
 
 9
 ....
 
 
 10
 C. TRANSFER OF CLAIM. The Trustee shall promptly file a notice to creditors of sale of estate property, being the Brian Head Claim, under 11 U.S.C. 362. Absent successful objection, after hearing, to such sale, the transaction contemplated hereby shall be deemed consumated [sic]; but such transaction is contingent upon no successful objection being interposed. Absent successful objection, the Trustee shall promptly, upon receipt of the balance of the Purchase Price, execute and deliver an assignment or conveyance of the Brian Head Claim....
 
 
 11
 D. The parties agree that the Trustee shall fully cooperate in the prosecution of the pending adversary cases, whether as a continuing party, or with Brian Head Associates as substituted parties in interest, concerning the dispute with the Northwest Group over the claim in the Brian Head proceedings. If the Trustee is required to remain as a party, or otherwise pursues with or assists Purchaser in any further legal actions in existing or future cases to establish ownership of the Brian Head Claim interest described above, Purchaser shall promptly, upon receipt of monthly statements, pay legal and related costs incurred by the Trustee.
 
 
 12
 ....
 
 
 13
 G. The Purchaser specifically assumes all risks of: litigation, matters of title to the claim and property, indemnification of the Trustee, or otherwise. Purchaser agrees that the Trustee makes no representation or warranties whatsoever, except his representation to act in good faith, regarding the Brian Head Claim and the Trustee's right or title thereto, and the Purchaser acknowledges that it must have and has satisfied itselfas [sic] to any such risks by its own independent investigation of all matters pertaining to said disputes and litigation the Brian Head Claim and this Agreement.
 
 
 14
 Id. at 20-23.
 
 
 15
 At the bankruptcy court hearing on plaintiffs' objection to the proposed distribution, both parties stipulated that this agreement was unambiguous. The bankruptcy court concluded that the Trustee was not required to return the $100,000 down payment because BHA had "contracted away their right to rescind the contract," and stated the attempt to sell the claim was an "impermissible attempt to transfer the trustee's avoidance powers under 11 U.S.C. 549." Order on Objection to Trustee's Notice of Final Report, BK 86-1874-BH, slip op. at 2 (Bankr.N.D. Okla. Aug.5 1992). On appeal the UnitedStates District Court for the Western District of Oklahoma affirmed.
 
 
 16
 This case presents an issue of law which we review de novo. Estate of Holl v. Commissioner, 967 F.2d 1437, 1438 (10th Cir.1992). Because this is a written contract which the parties agree is unambiguous, "we will not look beyond the four corners of the contract." Koch v. Koch, 903 F.2d 1333, 1335 (10th Cir.1990). The first paragraph of the agreement recites that the agreement is entered into for the purpose of transfer by the Trustee of all his rights, title, and interest in the Brian Head Claim. Appellant's App. at 20. Paragraph C later provides that "the transaction contemplated hereby ... is contingent upon no successful objection being interposed." Id. at 21. After the Trustee filed his Second Notice of Private Sale, Northwest filed an objection to the sale. The bankruptcy court, as mentioned, eventually concluded that the proposed transfer was an improper attempt by the Trustee to assign the proceeds of an avoidance action. Id. at 10-11. Thus, we conclude that a successful objection, was made--a condition upon which the parties agreed the transaction depended.
 
 
 17
 We view the language "such transaction is contingent upon no successful objection being interposed" as an express condition which must be literally fulfilled. See Meacham v. Oklahoma Bank & Trust Co., 600 P.2d 868, 870 (Okla. Ct.App.1979). It must be concluded that the "successful objection" condition resulted from a creditor's claim, although after much time had elapsed and after significant actions taken by the Trustee. The appellants made no contention in the district Court or the bankruptcy court that the Trustee repudiated the contract. With the contract description of the $100,000 payment as "non-refundable," we must agree with the district court's conclusion.
 
 
 18
 BHA further argues on appeal that the Trustee committed an anticipatory breach of this contract by entering into a settlement agreement transferring the claim to Northwest even before the bankruptcy court had ruled on the propriety of the sale of the same claim to BHA. As stated above, appellants did not raise this issue to the bankruptcy court or the district court, and because the issue of the Trustee's alleged breach raises questions of fact, we cannot consider it on appeal. Petrini v. Howard, 918 F.2d 1482, 1483 n.4 (10th Cir.1990).
 
 
 19
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3