[Civ. No. 11351.   Second Appellate District, Division Two.—May 7, 1937.]

THE PEOPLE, Appellant, v. TUX WINERY COMPANY (a Corporation), Respondent.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Appellant.

Benjamin J. Goodman for Respondent.

CRAIL, P. J.—This is an appeal from a judgment after an order sustaining a general demurrer to plaintiff's complaint without leave to amend. In the complaint the plaintiff sued the defendant for certain excise taxes alleged to have been due on sales of distilled spirits, made by wholesalers to wholesalers, but not to retailers.

The sole question necessary for the determination of the appeal is this: Is the excise tax on distilled spirits under the Alcoholic Beverage Control Act (Stats. 1935, p. 1123) collectible on sales of distilled spirits at a time prior to a sale to a retailer? If the tax is collectible prior to a sale to a retailer the judgment should be reversed; if not, it should be affirmed. It is not contended that more than one excise tax is collectible upon the same liquor.

The decision calls for a construction of sections 24, 29 and 33 of said act, and the parts of said sections necessary for ready information are as follows:

"Sec. 24. An excise tax is hereby imposed upon all distilled spirits sold in this State on and after July 1, 1935, . . . ".

"Sec. 29. No excise tax shall be imposed by this act in any transaction whereby any alcoholic beverages are sold and delivered by a manufacturer or importer to another manufacturer or importer holding a valid manufacturer's or importer's license.''

"Sec. 33. The tax imposed by section 24 of this act upon the sale of distilled spirits shall be collected by means of attaching to each package containing such distilled spirits a stamp or stamps of a denomination equivalent to the amount of excise tax imposed upon the sale of the contents of such package. Such stamps shall be attached by the holders of on- or off-sale distilled spirits licenses issued under this act and by the holders of on-sale licenses for liquor other than beer and wine issued under the State Liquor Control Act [in this opinion called retailers], immediately upon opening the original cases in which the distilled spirits were packed and in which such distilled spirits were purchased from the manufacturer, rectifier, importer or wholesaler [in this opinion called wholesalers]. In the case of distilled spirits not in original cases at the time of purchase the stamps shall be attached immediately upon bringing such distilled spirits upon the premises for which such on- or off-sale licenses are issued.

"Such stamps shall be sold by the board [of equalization] only to persons holding valid distilled spirits manufacturer's licenses, rectifier's licenses, distilled spirits and wine importer's licenses or distilled spirits wholesaler's licenses issued under this act or the State Liquor Control Act; provided, that until July 1, 1935, the board shall sell a sufficient number of such stamps, to stamp stocks of distilled spirits on hand, to persons holding valid on- or off-sale licenses for liquor other than beer and wine issued under the State Liquor Control Act; provided further, that the board may thereafter, in its discretion, sell such stamps to holders of on-.or off-sale distilled spirits licenses as it may determine.

"On and after July 1, 1935, all distilled spirits delivered by any manufacturer, rectifier, importer or wholesaler of distilled spirits to any person holding an on- or off-sale distilled spirits license issued under this act or an on-sale license for liquor other than beer and wine issued under the State Liquor Control Act, must be accompanied by a sufficient number of stamps purchased from the board, to stamp the

packages containing such distilled spirits. Every manu-
facturer, rectifier, importer or wholesaler of distilled spirits
who delivers distilled spirits in violation of this section shall
be guilty of a misdemeanor.

" . . . The board shall have full charge and control of
the issuance, securing, or purchase and of the sale of all
such stamps and shall keep a record of all stamps sold.

"At the time such stamps are attached to the packages
of distilled spirits, they shall immediately be canceled by
indelibly writing or stamping thereon the number of the
licensee attaching the stamp and the date of cancellation."

It will be observed that nothing is said in the statute
about the payment of the tax, but that specific details are
given as to when and how the tax shall be collected, and a
penalty is imposed for a failure to comply with such provi-
sions. The tax "shall be collected by means of attaching
to each package containing such distilled spirits a stamp or
stamps". The stamps shall be sold only to wholesalers and
upon the delivery of the liquors from the wholesaler to the
retailer they must be accompanied by the stamps. But the
stamps shall be attached only by the retailer and the tax
shall be collected by attaching such stamps immediately upon
opening the original cases in which the distilled spirits were
packed and in which such distilled spirits were purchased
from the wholesaler. At the time such stamps are attached
to the individual packages they shall immediately be can-
celed.

The sales for which the plaintiff seeks a collection of the tax
were sales from one wholesaler to another wholesaler prior
to a sale to a retailer. The contention of the plaintiff is
that there is no statement in the law as to which sale is
the taxable sale, and hence the only conclusion that can be
drawn is that the first sale is the taxable sale, except as
such sales may be otherwise exempted by the act; that such
an exemption is found in the first paragraph of section 29,
above quoted, and therefore this exemption is the only ex-
emption from the tax upon first sales and this exemption
does not include the sales for which a tax is herein contended
for. A more reasonable view is that a tax is not ordinarily
collectible until the time has arrived which is fixed in the
statute for its payment or collection.

Another contention of the plaintiff is fairly and ac-
curately stated in its own language as follows: "The tax

is money; and when the tax is collected by the State it collects money. And before such stamps leave the possession of the State the money, or tax, must be paid to the State for such stamps. Obviously, then, the State in every instance collects its tax at a time antedating the affixing of the stamps to the bottles of distilled spirits. What was really meant by the legislature by the use of the word 'collected' in section 33 was that the affixing of the stamps should be *evidence* of the tax having been paid; so that section 33 should read as follows: 'The tax imposed by section 24 of this act upon the sale of distilled spirits shall be *evidenced* by means of attaching to each package containing such distilled spirits a stamp or stamps of a denomination equivalent to the amount of excise tax imposed upon the sale of the contents of such package.' "

In our view this is a strained construction of the statute. While it is true that the money is paid when the stamps are purchased; nevertheless the stamps may be used for the liquor involved or they may be used to evidence the tax on other liquors, and so for all practical purposes the tax is not collected until the stamps are attached to specific packages.

The legislature has furnished a well-rounded program for the collection of the tax and the enforcement of the law. The plan is understandable and workable. It provides for the collection of the tax upon the sale by a wholesaler to a retailer at the time the wholesale package is opened up so that the stamps may be placed upon the individual packages. The tax is not collectible at a prior time.

Judgment affirmed.

Wood, J., and McComb, J., concurred.