[Civ. No. 11959.  First Dist., Div. One.  Mar. 27, 1942.]

SAUERS WHOLESALE COMPANY (a Corporation), Respondent, v. R. E. COLLINS as a Member of the State Board of Equalization, et al., Appellants.

Earl Warren, Attorney General, and J. Albert Hutchinson, Deputy Attorney General, for Appellants.

Sefton & Quattrin for Respondent.

PETERS, P. J.—This action was brought by Sauers Wholesale Co. to recover deficiency excise taxes collected by the State Board of Equalization under the Alcoholic Beverage Control Act. (Stats. 1935, p. 1123, ch. 330; Deering's Gen. Laws, 1937, Act 3796.) The plaintiff during the period July 1, 1935, to June 30, 1937, was a duly licensed distilled spirits rectifier and distributor engaged in business in California, and, as such, for the two-year period above-mentioned paid to the state large sums of money under the tax statute here involved. Some time after July 1, 1937, the auditors of the board made an audit and examination of the books and records of the plaintiff. As a result of this audit and examination the board determined that for the two years in question there was due and owing from plaintiff an additional tax of $1,722.09. The plaintiff thereafter petitioned for a relevy of the tax and demanded a hearing, which was granted. The board thereafter determined that the above-mentioned sum was due from plaintiff. This sum was paid by the taxpayer under protest and this action instituted to recover the amount so paid. The trial court rendered judgment for the taxpayer for the total amount of $1,722.09. The trial court did not make specific findings concerning the items making up the total of the judgment. It was the theory of the trial court that prior to July 1, 1937, there was no provision of law authorizing the proceedings taken by the board against plaintiff.

On this appeal many of the points discussed are identical with those raised in the two Rathjen Bros. cases, Civ. 11911, *ante,* p. 765 [123 Pac. (2d) 925], and Civ. 11912, *ante,* p. 774 [123 Pac. (2d) 930]; in fact, by stipulation the cases have been submitted on the same briefs. No useful purpose would be served by repeating what was said in those two opinions. For the reasons therein set forth, it is obvious that the judgment here appealed from must be reversed.

There are certain items in the alleged deficiency peculiar to this case. According to the report of the auditors the total deficiency of $1,722.09 was made up of the following items:

A. Salesmen's Samples .....................$   36.72
B. Sales to retail licensees not accompanied by
   proper amount of stamps................   51.32
C. Unaccounted for disposals................ 1,634.05

As to the first item—salesmen's samples—the court made no finding as to the facts, no such finding being required

under its theory of the case. If these represented transactions similar to those involved in Civ. 11912, *supra,* they are governed by the rule therein announced, and are taxable. On the other hand, if they represented sales between plaintiff and other wholesalers or rectifiers, the purchased liquor to be used by the latter for resale, such sales are not taxable under the holding in *People* v. *Tux Winery Co.,* 20 Cal. App. (2d) 700 [67 Pac. (2d) 752]. On the new trial the exact factual background of such transactions may be ascertained, subject to the rule announced in the two Rathjen Bros. cases, *supra,* that the burden of proof to show that these transactions were nontaxable rests on plaintiff.

The second item of $51.32 represents the proper tax that should have been paid on several sales to retail licensees that were either not accompanied by any stamps or had attached to the invoices an insufficient amount of such stamps. Such transactions were admittedly taxable. In partial explanation of this item the president of plaintiff testified that some of those sales were to retailers who represented to plaintiff that they had stamps in their possession sufficient to cover the purchase. If such was the fact, such transactions were not taxable to respondent. As originally enacted in 1935 the act recognized the possibility of retailers securing the requisite stamps from others than wholesalers or rectifiers. The appellants' witnesses testified that during part of the period here involved the state permitted stamps to be sold directly to retailers. Obviously, if retailers already had stamps sufficient to cover purchases from the plaintiff, if the plaintiff had to accompany delivery of the distilled spirits with more stamps it would mean that the tax would be paid twice on the same liquor. Such double payment was, of course, not required or contemplated by the act. The trial court made no specific finding as to the quantity of distilled spirits that were involved in such transactions. Again keeping in mind the rule above-announced that the burden rests on respondent to show that any particular transaction was exempt, or did not require stamps, this is a matter which can be inquired into on the new trial.

The third item of $1,634.05 represents the proper tax that should have been paid on disposals of distilled spirits where the books of respondent did not account for the disposals. As in the two Rathjen Bros. cases, *supra,* the respondent admits that during the taxable period it had on hand the

gallonage as found by the auditors. It admits that the figures concerning the gallonage on hand at the close of the taxable period are correct, as well as the figures concerning its purchases of stamps. The only challenge of the figures of the auditors was in reference to the two items above-discussed. The respondent also concedes that all breakage shown by its books was allowed by the auditors as a deduction. In other words, there were certain disposals of distilled spirits not accounted for by the books of respondent. For the reasons set forth in full in Civ. 11912, *supra*, the burden was on respondent to account for these disposals. If it is unable to do so, the transactions are taxable.

Respondent urges that the figures testified to by the auditor on direct examination by it showed that in fact respondent had purchased more stamps than it was required to purchase during the period in question. It is urged that because of this testimony the ''auditor testified the State out of court.'' The contention is without merit and is based on a distortion of the record. On direct examination respondent's counsel did not bring out all the facts. He permitted the auditor to show the total stamps purchased and the total tax, and then asked no further questions on this issue. He did not ask whether, at the close of the tax period, the respondent had any of the purchased stamps on hand. This figure was correctly set forth in the audit, and brought out on cross-examination. The record is without conflict that, if the stamps on hand at the close of the tax period be deducted from the total purchases, the deficiency exists as found by the board.

The judgment appealed from is reversed.

Knight, J., and Ward, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 25, 1942. Gibson, C. J., and Traynor, J., did not participate therein. Spence, J., acted pro tem.