[Civ. No. 12402. First Dist., Div. One. June 24, 1943.]

GOODERHAM & WORTS, LTD. (a Corporation), Appellant, v. RICHARD E. COLLINS, et al., Respondents.

Richard S. Goldman for Appellant.

Earl Warren, Attorney General, Robert W. Kenny, Attorney General, and J. Albert Hutchinson, Deputy Attorney General, for Respondents.

KNIGHT, J.—The plaintiff, Gooderham & Worts, Ltd., appeals from a judgment for defendants in an action to recover the sum of $1,075.30 theretofore paid under protest to the state as excise taxes on nineteen separate sales of alcoholic beverages.

The sales were made by plaintiff during the years 1936 and 1937; and the taxes were collected by the State Board of Equalization under the authority of the 1935 Alcoholic Beverage Control Act (Stats. 1935, p. 1123, Deering's Gen. Laws, 1935, Act 3796.) Section 24 of the act provided: "An excise tax is hereby imposed upon all distilled spirits sold in this State . . ."; and section 2 (1) declared that the words "sell" and "sale" and the phrase "to sell" as used in the act "means and includes any of the following: to exchange, barter, traffic in; to solicit or receive an order for; . . . to traffic in or deliver for value or in any way other than gratuitously; to possess with intent to sell"; but that the "transfer of title to alcoholic beverages unaccompanied by a transfer of possession of such beverages shall not be deemed a sale of such beverages." The plaintiff is a Delaware corporation, qualified to do business in California, and at the time these transactions took place operated a place of business in Los Angeles where it kept, offered for sale and sold a stock of distilled liquors. Its business was carried on under two separate licenses issued by the State of California pursuant to section 5 of said act, to wit, an "importer's license," and a "wholesaler's license." Section 6 (d) of the act provided that "Any importer's license authorizes the person to whom issued . . . to export such alcoholic beverage"; and section 6 (f) provided that "Any wholesaler's license authorizes the sale of the alcoholic beverage specified in the license only to persons holding licenses issued by the board authorizing the sale of such alcoholic beverage." The sales in question were made to Nevada Wholesale Liquor Company, a Nevada corporation, and Central Distributing Company, an Arizona corporation. Each was licensed by the state of its domicile as a wholesale distributor of liquor in that state, but neither was qualified to do business in California, nor did either hold any sort of a liquor license under the laws of this state. The liquor was purchased for resale in those states, but the orders called for "delivery F. O. B." at plaintiff's warehouse in Los Angeles. The orders were solicited by plaintiff's salesmen in Nevada and Arizona, and by them mailed to or delivered at plaintiff's

Los Angeles place of business; whereupon plaintiff filled the orders from its stock at its warehouse in Los Angeles, and delivered the liquor at the warehouse to the purchasers' employees, who placed it upon trucks owned and operated by the purchasers and driven by the purchasers' employees. The liquor was then transported by the purchasers' employees on said trucks out of the state; and no part thereof was resold or used in California.

The trial court found that the sales "were made, completed and consummated wholly within the State of California," and that the liquor was "delivered by plaintiff to the purchaser or to the purchaser's employees within the State of California"; and as conclusion of law the court held that since plaintiff sold the liquor to unlicensed persons within the State of California the sales were unlawful and the liquor was subject to seizure and forfeiture; that such being the case, plaintiff was not entitled to a refund of any of the taxes paid on those sales.

■ Plaintiff's main contention is that the transactions in question did not constitute sales within the state; that they involved only the exportation of the liquor without the state, which plaintiff was entitled to carry on under its importer's license, and that therefore the taxes were imposed in contravention of the commerce clause of the federal Constitution and of section 30 of the California Alcoholic Beverage Control Act.

The arguments advanced by plaintiff in support of its contentions are fully negatived by a group of cases decided by this court subsequent to the taking of the present appeal. The first of those cases, *Gooderham & Worts, Ltd.* v. *Collins*, 50 Cal.App.2d 716 [123 P.2d 922], involved the sale of a quantity of liquor by plaintiff to the Matson Navigation Company to be resold by the latter company to passengers aboard its ship after the ship reached the high seas and was beyond the territorial limits of the United States. At the time of the sale the Matson company was the holder under the state act of an "importer's license"; also "retailer's licenses" for specific boats. The liquor was manufactured in Canada, and shipped to San Francisco by rail in a pooled, bonded car, and there released by plaintiff to the Matson company's custom brokers, placed on the Matson company's bonded trucks and transported to and placed aboard the Matson company's ship, docked in San Francisco; and the liquor bore no stamps

making it lawful to open the same within the territorial limits of this state. It was held that since there was an actual delivery of the liquor by the seller to the purchaser in San Francisco and the liquor thereafter remained in the absolute possession of the purchaser and under its complete control and dominion, the transaction constituted a sale ''within the state,'' and was therefore taxable, even though the liquor was not to be opened, resold or used until it was beyond the bounds of the state. The decision in that case was expressly followed in *Rathjen Bros.* v. *Collins,* 50 Cal. App.2d 774 [123 P. 2d 930], and *Tonkin Distributing Co.* v. *Collins,* 50 Cal.App.2d 790 [123 P.2d 938], wherein similar facts were involved. Those three cases are determinative of the issue here presented.

■ The fact that the liquor was sold to nonlicensed, out-of-state purchasers did not operate to exempt the transactions from taxation, for such were the facts involved in the Rathjen and Tonkin cases, and it was there held that if the control of the liquor passes to the purchaser or his agent in California the transaction is taxable. In other words, it is held that the determining factor is whether the liquor is delivered to the purchaser or his agent within the state. If it is, the transaction is taxable, regardless of the residential status of the purchaser.

Plaintiff places much reliance on the case of *People* v. *Tux Winery Co.,* 20 Cal.App.2d 700 [67 P.2d 752] : but there is nothing said therein which conflicts with the decisions in any of the cases above cited, and the factual situation therein was entirely different from the one here presented. There the sales transaction took place between two licensed wholesalers doing business in this state, and it was held that the tax was not collectible prior to a sale of the liquor to the retailer.

As already pointed out, under the recent decisions above cited, the transactions herein were taken out of the classification of exportation because of the delivery of the liquor in California, and under the ''wholesaler's license'' issued to plaintiff it was authorized to sell the alcoholic beverages specified in the license ''only to persons holding licenses issued by the board authorizing the sale of such alcoholic beverages.'' Since, therefore, the purchasers herein were not licensed in this state, the trial court was warranted in holding that the sales were unlawful. ■ But the determination of the present appeal in no way depends upon the question of whether the

sales were lawful or unlawful, for it is well settled that ". . . the state may collect the tax on sales which are unlawful—i. e., made to non-licensees, as well as on lawful sales made to licensees." (*Rathjen Bros.* v. *Collins,* 50 Cal.App. 2d 765 [123 P.2d 965].) The same rule is declared again in the companion case of *Rathjen Bros.* v. *Collins,* 50 Cal.App. 2d 774 [123 P.2d 930], wherein the court said: "As was held in the *Empire Vintage Co.* case, *supra,* [40 Cal.App.2d 612 (105 P.2d 391)] and reaffirmed in Civ. 11911, *supra,* [*Rathjen Bros.* v. *Collins,* 50 Cal. App.2d 765 (123 P.2d 965)] the tax was due on all nonexempt sales, and that applies to illegal as well as to legal sales."

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.