## SAFE-WAY CAB SERVICE CO. v. GADBERRY.

No. 26947.    April 6, 1937.

Rehearing Denied April 27, 1937.

George F. Short and Welcome D. Pierson, for plaintiff in error.

Leo J. Williams, Montgomery & Haugh, and Major J. Parmenter, for defendant in error.

PER CURIAM. Plaintiff was injured on the 24th day of December, 1934, when he was struck by defendant's taxicab while crossing the street intersection at Fifth and Harvey, Oklahoma City. He obtained a judgment for $2,144.99, from which judgment defendant prosecutes an appeal. The parties will be referred to as they appeared in the trial court.

Defendant first urges that the court erred

in permitting a trial amendment. We do not find that the defendant claimed surprise or asked for a continuance. The record is saved by a general statement that it was too late and changed the cause of action. This amendment relates to certain testimony that was introduced after a physician for the defendant had testified that plaintiff had an osteoarthritic condition. Plaintiff was permitted to amend to allege that the accident augmented a prior condition. Defendant had examined the plaintiff some three months before the trial, and it was its testimony that advanced the theory that plaintiff was suffering from this condition. Plaintiff claims that there was no abuse by the trial court and no prejudice resulted to the defendant. Amendments are permitted within the discretion of the court. Section 251, O. S. 1931; Cummins v. Houghton, 167 Okla. 278. 29 P. (2d) 71: M., K. & O. Coach Lines v. Benton, 157 Okla. 10, 10 P. (2d) 451; M.. K. & T. Co. v. Perino, 89 Okla. 136. 214 P. 907; Motsenbocker v. Shawnee Gas & Electric Co., 49 Okla. 304, 152 P. 82. They should not be permitted where a surprise is worked against a party, or where to permit the amendment works a departure. Citizens Bank v. Mabray, 90 Okla. 63, 215 P. 1067.

Plaintiff had alleged a back injury. Defendant had examined the plaintiff and should have known his condition as to the injury. We hold that the court did not err in permitting the amendment.

It is next urged that the court erred in giving instructions 18, 19, and 20. These three instructions deal with the definition of negligence by detailing things which the driver of the taxicab should have done. The chief complaint is that the court failed to include in such instructions, after the statement that in such case the jury should find for the plaintiff, the cautionary statement, "unless you further find the plaintiff to be guilty of contributory negligence." We have said that where the defense of contributory negligence is interposed, the court should go no further than substantially to instruct the jury that if they believe from the evidence and from all the circumstances connected with the case that the plaintiff by his own negligent acts has contributed to the proximate cause of the injury in question and thereby brought about such injury, then as a matter of law he cannot recover. Goodrich v. City of Tulsa. 102 Okla. 90, 227 P. 91. The court in its instruction defined "contributory negligence," and this instruction is not objected to. Instructions should be considered as a whole, and if as a whole they fairly state the law applicable, the cause will not be reversed unless the court concludes that as a whole they have misled the jury as to the law. Standard Accident Ins. Co. v. Baker, 145 Okla. 100, 291 P. 962; Haskell v. Kennedy, 151 Okla. 12, 1 P. (2d) 729; Nichlos v. Hanbury-Russell Supply Co., 168 Okla. 371, 33 P. (2d) 198; St. Louis & S. F. Ry. Co. v. Stuart, 173 Okla. 221, 47 P. (2d) 177: Skaggs v. Gypsy Oil Co., 169 Okla. 209, 36 P. (2d) 865; Helmerich & Payne, Inc., v. Nunley, 176 Okla. 246, 54 P. (2d) 1088.

It is next complained that the court erred in giving instruction No. 20 and placed the highest degree of care upon the defendant, whereas, under the law, the defendant is charged only with the exercise of ordinary and reasonable care. In Haskell v. Kennedy, supra, we point out that a similar instruction had been approved in Muskogee Electric Traction Co. v. Tice, 116 Okla. 24, 243 P. 175, citing Blashfield's Cyc. of Automobile Law, vol. 2, p. 1921.

It is next urged that the court erred in not giving defendant's requested instruction No. 2, dealing with an emergency facing the defendant after the discovery of the peril of plaintiff. The pleadings did not support the instruction, and we find no error in its refusal. Yellow Taxicab & Baggage Co. v. Alsup, 175 Okla. 332, 52 P. (2d) 724. Defendant urges that counsel for plaintiff was guilty of misconduct, such as to warrant a reversal of the cause, in his closing argument. This argument is based upon a statement during the argument to the effect that if the jury gave plaintiff too much by its verdict, it could be corrected by the court. This argument was improper. The question is, Was it such as to cause a reversal? We hold that it was not. The court saw no fault in it, and saw no fault in the amount of the verdict. Had the verdict been excessive, the court could have corrected it. If, as a matter of law, it was not excessive, no error resulted.

In this connection, to some extent, it is finally assigned as error that the verdict is excessive. In this we have the true test of error in the last above assignment. We have said that the damages must be so excessive as to strike mankind at first blush as being beyond all measure unreasonable and outrageous before this court will declare a verdict excessive, because the jury and trial judge have a much better opportunity than do the appellate judges to measure the actual damages suffered. Bucktrot v. Partridge, 130 Okla. 122, 265 P. 768;

Chicago, R. I. & P. Ry. Co. v. DeVore, 43 Okla. 534, 143 P. 864.

We have carefully read the record, and are of the opinion that the verdict is sustained in amount by competent evidence. Therefore, it is not excessive, and no prejudicial error resulted either from the instructions or from the argument of counsel.

The judgment of the trial court is affirmed.

OSBORN, C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur.