CITY OF NORMAN v. LEWIS.

No. 26735. May 25, 1937.

Rehearing Denied June 22, 1937.

T. Jack Foster, for plaintiff in error.

Sylvester Grim, Ben F. Williams, Homer Cowan, and T. R. Benedum, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Cleveland county. The action was instituted by O. W. Lewis, hereinafter referred to as plaintiff, against the city of Norman, a municipal corporation, hereinafter referred to as defendant, to recover damages for personal injury alleged to have been sustained as a result of negligence of the defendant in the maintenance of a sidewalk. Defendant did not question the sufficiency of the petition in any manner, but answered by general denial and a plea of contributory negligence. Without objection to the introduction of any evidence under the petition, the defendant proceeded to trial before a jury. At the close of plaintiff's evidence defendant demurred thereto, but when its demurrer was overruled proceeded to offer evidence in its defense and did not thereafter renew its demurrer or request a directed verdict in its favor. The jury returned a verdict in favor of the plaintiff and fixed his recovery at the sum of $5,000. The record discloses that the city attorney who prepared the pleadings and represented the defendant at the trial of the cause was succeeded in office by the present attorney, who is prosecuting this appeal. Defendant assigns 10 specifications of error which are presented under seven general propositions. These may be summarized as follows:

(1) Primary negligence was neither plead nor proved.

(2) Under the evidence negligence, if any, became a question of law.

(3) Refusal of the court to permit the jury to view the premises was error.

(4) View of the premises by the court constituted error.

(5) Jurisdiction of the person of defendant was not acquired.

(6) Damages awarded were excessive and given under the influence of passion or prejudice.

(7) Instructions given were erroneous.

Under the first two contentions defendant seeks to invoke the rule of law announced and applied by this court in the cases of Oklahoma City v. Banks, 175 Okla. 569, 53 P. (2d) 1120; City of Tulsa v. Frye, 165 Okla. 302, 25 P. (2d) 1080; City of Ada v. Burrow, 171 Okla. 142, 42 P. (2d) Ill; Smith v. City of Tulsa, 172 Okla. 515, 45 P. (2d) 689, and the cases therein cited and discussed. In this contention defendant seeks a review of the sufficiency of the evidence. Since defendant, after its demurrer to the evidence of the plaintiff in chief was overruled, introduced evidence in support of its defense and failed to renew its demurrer or to request a directed verdict in its favor, we cannot entertain either one of the first two contentions advanced by the defendant. See Hinshaw v. Brannon, 163 Okla. 225, 22 P. (2d) 74; Local Bldg. & Loan Ass'n v. Hudson-Houston Lbr. Co., 150 Okla. 44, 3 P. (2d) 156; Stout v. Idlett, 161 Okla. 23, 16 P. (2d) 1088.

Whether a jury should be permitted to view the premises which may be involved in an action is a matter resting largely in the sound discretion of the trial court, and this court will not disturb the rulings of the trial court with respect thereto in the absence of a showing of an abuse of such discretion. Robinson Oil Co. v. Davis, 171 Okla. 557, 43 P. (2d) 754; Ponca City v. Swayne, 174 Okla. 576, 50 P. (2d) 1082. No abuse of discretion in this connection is shown.

It appears that after the jury had returned its verdict in this case and prior to the ruling of the court on defendant's motion and supplemental motion for new trial, the court viewed the premises where the accident had allegedly occurred. The action of the court in so doing is not shown to have been prejudicial to the defendant. If there was any error in so doing, it was harmless.

Defendant next contends that since it was served with summons in the action by leaving a copy thereof with the city clerk, and the sheriff's return failed to show that the mayor or other chief officer, etc., could not be found, this resulted in a lack of jurisdiction over the person of the defendant. Defendant after being served with summons in the manner aforesaid filed a motion to quash such summons, but withdrew it be-

fore it was acted upon by the court and then filed an answer and proceeded to trial of the cause upon its merits. Under these circumstances, we are of the opinion that the defendant waived any defect in the summons 'and entered its general appearance in the cause. Okla. Ry. Co. v. Boyd, 140 Okla. 45, 282 P. 157.

Although the defendant fails to cite any authority or to point to any specific portion of the record which would tend to support the contention advanced under its sixth proposition, we have given serious attention to this proposition and have reached the conclusion that while the verdict appears to have been very liberal, there is nothing in the record which would tend to show that it was actuated by passion or prejudice. The verdict was approved by the trial court and we cannot say that the same was excessive as a matter of law. Town of Fairfax v. Giraud, 35 Okla. 659, 131 P. 159; City of Chickasha v. Daniels, 123 Okla. 73, 251 P. 978, 51 A. L. R. 568, and Ponca City v. Swayne, supra.

The final contention of the defendant is that there was error in the instruction given by the court. Defendant does not attempt to point out any vice in these instructions or any one of them, and does not set out the instructions in its brief. Under these circumstances nothing is presented for review. Holmes v. Evans, 29 Okla. 373, 118 P. 144; First State Bank of Addington v. Lattimer, 48 Okla. 104, 149 P. 1099.

The judgment of the trial court is hereby affirmed.

OSBORN, .C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, and HURST, JJ., concur.