CITY OF CUSHING v. PRESBURY.

No. 29618. Feb. 4, 1941.

*109 P. 2d 1077.*

S. J. Berton, of Cushing, for plaintiff in error.

Brown Moore and Guy Horton, both of Stillwater, for defendant in error.

RILEY, J. The city of Cushing appeals from a judgment in the sum of $627, interest and costs, against it and in favor of J. A. Presbury, based on negligence and resultant damage caused by the electrocution of Presbury's registered brood mare.

In April, 1937, the defendant city purchased and thereafter operated an electric line running one and one-half miles west of the city to the Clear Lake Water Company's premises. There was connected to the Clear Lake electric line another one owned by and located on the farm of T. W. Albertson. The city furnished electricity for the Albertson electric line, which served the Albertson home and two others. These three customers furnished their own electric meters and paid the city for electric current.

Albertson leased his farm pasture through which his electric line ran to Brooks Vincent, and the plaintiff, Presbury, there pastured his mare.

On June 16, 1937, a pole supporting this electric line fell and the mare was killed by contact with the broken electric wire.

There is but one issue presented on appeal: that is the defendant city's liability to plaintiff, which is dependent on the sufficiency of the evidence to support the verdict and judgment.

Allegations of negligence now relied upon to support the judgment are those of the city's failure to inspect and maintain the Albertson electric line. In the case of Minnesota Electric Light & Power Co. v. Hoover, 102 Okla. 270, 229 P. 285, we held:

"In such a case, the ownership or control of the wires and appliances is the test of the duty, and where there is a conflict in the evidence as to such ownership, or control, the question is one for the jury."

It is agreed that in event the defendant city assumed control over the Albertson electric service line, it was duty bound to exercise that control without neglect.

On this point defendant in error relies on the testimony of Clyde Potter, who testified as to the electric line on direct examination (C.-M. 35):

418

"Q. After the city took it over and put the Interstate out of business there, who repaired the line then? A. The city of Cushing. . . ."

And in the case-made, page 36, the evidence shows that on the morning when Presbury's mare was electrocuted the city of Cushing repaired the electric line.

On cross-examination this witness testified in reference to the electric line and the defendant city's control thereof (C.-M. 38):

"Q. If it is shown that the city took it over in April, 1937, and the horse was killed on June 16, 1937, I want to know whether they were out there between those two times? A. I couldn't say. Q. You don't know whether they were out there during that time or not? A. No, sir."

The witness testified, also, that the defendant city presented a bill for repairing the line to the witness's grandfather, Mr. Albertson, owner of the electric line.

The evidence is not sufficient to establish that the defendant city assumed control of the defective electric line. No duty of continuing inspection devolves upon the defendant city. Minnesota Electric Light & Power Co., supra; Hoffman et al. v. Leavenworth L. H. & P. Co., 91 Kan. 450, 138 P. 632, 50 L. R. A. (N. S.) 574; 20 C. J. 364.

It is contended that the defendant city may be held liable for failure to inspect the electric line when it began supplying current, but there was no allegation of negligence in this respect, and it cannot be presented on appeal.

The motion of the defendant city for directed verdict should have been sustained. Judgment reversed.

CORN, V. C. J., and BAYLESS, GIBSON, and HURST, JJ., concur.