GARRETT v. MYERS et al.

No. 30194.   Jan. 27, 1942.

Rehearing Denied March 3, 1942.

Application for Leave to File Second Petition for Rehearing Denied March 24, 1942.

123 P. 2d 965.

Leslie L. Conner, P. James Demopolos, and Frank C. Crouch, all of Oklahoma City, for plaintiff in error.

Clay M. Roper and Herman Merson, both of Oklahoma City, for defendants in error.

PER CURIAM. Nadine Myers and Herbert Myers, hereinafter referred to as plaintiffs, instituted this action against Otis Garrett, hereinafter referred to as defendant, to recover damages, actual and exemplary, which they alleged they had sustained as the result of fraud practiced by the defendant, who had induced them to enter into a contract with the corporation of which the defendant was president. The defendant denied all personal responsibility for the transaction; admitted he had induced the plaintiffs to enter into the contract involved, but averred that in so doing he was merely acting as an agent of the corporation with whom the plaintiffs had contracted, and that therefore his liability, if any, was merely that of an officer of the corporation and nothing more.

The essential facts as reflected by the record will be briefly stated. Defendant was president of the corporation which was drilling for oil and gas and other minerals in Oklahoma City. Said corporation had a drilling operation on lots which adjoined those of the plaintiffs. The defendant contacted the plaintiffs and informed them that his corporation desired to use the lots which the plaintiffs owned, and upon which they then had their home, for the purpose of erecting a slush pit, and that if the plaintiffs would permit the use of their lots for such purpose, the defendant would move their house from the premises where it was then located and to any one of several other places which the plaintiffs might select and where the defendant owned the property, and that he would give the plaintiffs a warranty deed to such new location; that plaintiffs appeared receptive to the offer so made, and that thereupon the defendant took the plaintiffs to various locations which he represented belonged to him, and that finally the plaintiffs decided to accept certain lots pointed out by the defendant and which were identified as lots 5 and 6 in block 2 of Kenwood Second addition to Oklahoma City, and that thereupon the defendant conveyed the plaintiffs to the office of the corporation of which he was president and there drew up a contract in the name of the corporation and which he signed as president; said contract bound the corporation to move the house of the plaintiffs to lots 5 and 6 in block 2, Kenwood addition, and to furnish the plaintiffs with free water and gas for use in said home and to give the plaintiffs a good warranty deed to the surface of said lots; that the plaintiffs accepted such contract and thereafter the corporation proceeded to move the house of the plaintiffs to the new location and to furnish water and gas for a time, but neglected to furnish the warranty deed to the surface, and that as a matter of fact neither the defendant nor the corporation of which he was president had ever had any title to the surface of said lots which they or either of them could convey; that the corporation proceeded to utilize the lots which belonged to the plaintiffs for the construction of a slush pit and to destroy the premises for residence purposes and left the same in such condition that they could only be restored for use as a home site by the expenditure of a considerable sum of money; that the house of the plaintiffs instead of being removed to the place designated in the contract was moved to lots 5 and 6 in block 2, Kenwood Second addition, and of which property another than the defendant or the corporation which he represented was the owner; that if the owner of said lot would permit the plaintiffs to remove the house therefrom and back to the lots which the plaintiffs had formerly occupied, it would require the expenditure of several hundreds of dollars in the process; that in the moving of the house in the first instance the plaintiffs had suffered the loss of certain personal property. Under the facts, substantially as above narrated, the cause was tried to a jury under instructions governing actions for legal fraud, and to which instructions the defendant neither took nor saved any exceptions. The jury returned a verdict in favor of plaintiffs and assessed their recovery under their first cause of action at the sum of $750, under the second cause of action at the sum of $50, both of said causes being

for actual damages; and at the sum of $1,000 under the third cause of action, same being for exemplary damages. Judgment followed the verdict. Motion for new trial was overruled, and defendant has perfected this appeal.

As grounds for reversal of said judgment the defendant assigns 18 specifications of error, which he presents under the following three propositions, to wit:

"First Proposition. The court erred in rendering a verdict against an individual corporate officer for his acts in making a contract on behalf of and in the name of the corporation.

"Second Proposition. The evidence was not sufficient to sustain a verdict for $750 damages on the first cause of action and for $1,000 exemplary damages on the third cause of action.

"Third Proposition. The court erred in granting a judgment for exemplary damages in the amount of $1,000 against Otis Garrett as an individual corporate officer in an action for damages for breach of a written contract made for the corporation."

The above-quoted propositions advanced by the defendant proceed on the assumption that the action was one upon a contract rather than one for a tort, and that therefore the rules of law applicable to contracts of corporations and liability of the defendant as an officer of the corporation should be applied. In this connection we are cited to the case of Watkins v. Cotton, 180 Okla. 73, 67 P. 2d 957, which holds that officers of a corporation are liable for its debts only under the circumstances provided by statute; and Franklin Bond Corporation v. Smith, 163 Okla. 70, 20 P. 2d 912, which holds that a corporation may be guilty of fraud; and First National Bank of Sulphur v. Stribling, 16 Okla. 41, 86 P. 512, which holds that a corporation may be chargeable with notice of a fraud practiced by its officers, and argues therefrom that his liability was either that of an officer for the debt of the corporation, and therefore nonexistent, or else, if the action was one in fraud, that the corporation

was responsible therefor. The contentions so made are, in our opinion, wholly without merit, and therefore the rule sought to be invoked by the defendant under the authority of the above cases is inapplicable. The gravamen of plaintiffs' action was recovery for the detriment which they had sustained as the result of having been induced by the fraud of defendant to enter into the contract which they did with the corporation represented by him and not to recover damages for the breach of the contract which they had entered into. The plaintiffs were injured as a result of the tort, and the defendant, if guilty, was answerable therefor irrespective of whether the corporation for which he was acting was a tort-feasor or not or whether the defendant was acting in its behalf as agent. Rogers v. Brummet, 92 Okla. 216, 220 P. 362.

It is next urged that the evidence was not sufficient to sustain the verdict for actual or exemplary damages. As pointed out above, there was competent evidence to show that the plaintiffs had sustained the actual damages which the jury found irrespective of whether the plaintiffs were permitted to remove their house back to its old location or were compelled to leave it upon the premises where the same was located by the defendant and his corporation; and while, as pointed out in Aaronson v. Peyton, 110 Okla. 114, 236 P. 586, and Belcher v. Spohn, 170 Okla. 139, 39 P. 2d 87, in order to sustain a recovery for exemplary damages there must be some proof of fraud, malice, or oppression; it is also true that before there could be any recovery for actual damages in an action based on legal fraud there would have to be proof of fraud. In other words, in the case at bar the plaintiffs' primary right to recovery rested upon the very thing which authorized a jury to award exemplary damages. See section 9962, O. S. 1931, 23 Okla. St. Ann. § 9. Therefore, under the facts shown, the jury could properly find that defendant had been guilty of actionable fraud and therefore award exemplary damages. See Hunt Battery Mfg. Co. v. Stovall, 183 Okla. 242, 80

P. 2d 623; Colby v. Daniels, 151 Okla. 89, 1 P. 2d 693.

We are of the opinion, however, that the verdict for exemplary damages is excessive in the sum of $500 in view of the verdict which was returned by the jury for actual damages; therefore, the cause will be affirmed on condition of remittitur of sum of $500 within ten days after mandate is received by the trial court; otherwise, the judgment is reversed for new trial.

Affirmed upon condition of remittitur.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.