MAGNOLIA PIPE LINE CO. v. BROWN.

No. 31630.    Feb. 13, 1945.

Rehearing Denied March 13, 1945.

Application for Leave to File Second Petition for Rehearing Denied April 10, 1945.

*157 P. 2d 184.*

Walace Hawkins, of Dallas, Tex., Robert W. Richards, of Oklahoma City, and I. C. Saunders, of Shawnee, for plaintiff in error.

John L. Goode and Mark Goode, both of Shawnee, for defendant in error.

CORN, J. This is an appeal by Magnolia Pipe Line Company, defendant below, from a judgment of the district court of Pottawatomie county in favor of Rural Brown for personal injuries. For convenience the parties are referred to herein as plaintiff and defendant as they appeared in the trial court.

The plaintiff recovered a judgment against the defendant in the sum of $2,000 on account of an accident occasioned by the alleged negligence of the defendant. The plaintiff, at the time of the accident, was operating a motorized grader, referred to as a motor patrol, on a public highway in Pottawatomie county. The defendant, Magnolia Pipe Line Company, maintained a high pressure oil line under the highway on which the plaintiff was performing maintenance work. The evidence showed that the road surface had eroded somewhat since the pipe line was laid, and at this time the pipe line was only 11½ inches beneath the surface of the road at the center and five inches under the surface in the bar ditch. The forward point of the grader blade struck the high pressure line in the bar ditch and pierced a hole in it, from which a stream of oil was thrown upon the plaintiff and his machine. The oil was ignited by the exhaust from the motor and instantly the plaintiff and his machine were completely covered in flames from the burning oil. The plaintiff jumped or was thrown from the cab of the burning machine and escaped with severe burns on his face, neck, ears, eyes and head, while the machine was destroyed by the fire.

Plaintiff lost only 30 days' work on account of his injuries, but the burns were severe and very painful. His medical attention cost him only $26, but he claimed partial loss of hearing in one ear, which his physician testified would probably be permanent.

Plaintiff contends that the defendant was negligent in maintaining the high pressure line under and across said public highway at such shallow depth and without a protective covering, and in failing to erect and maintain warning signs at the crossing.

The evidence showed that signs were erected at this crossing and at intervals all along the line, and defendant contends that the plaintiff knew or should have known that the pipe line was there, as he had patroled the highway for seven years, but we find nothing in the evidence to indicate that he had any knowledge or warning with reference to the shallowness of the pipe line at this crossing.

It cannot be contended with much force that the maintenance of a high pressure pipe line at this depth under a traveled highway, without any protective covering, is not negligence, as it might be reasonably contemplated that just such maintenance equipment would operate upon the road and that the pipe line would be exposed to such hazards.

The defendant's principal objection to the verdict and judgment is that they are excessive in amount, contending that the evidence is insufficient to establish the permanence of the injury to plaintiff's hearing. Some of the instructions are criticised by the defendant, because they submitted to the jury, on what the defendant considered as insufficient evidence, the question of the permanence of the injuries, but, under our view of the record, the evidence is such that the verdict should not be disturbed. We say this because the jury had before it the evidence of the injuries suffered by the plaintiff, the pain

he suffered from the severe burns, and the partial loss of hearing in the injured ear, which the doctor thought from the nature of the injury probably would be permanent. It is true that the plaintiff did not lose much time from his employment and that his medical bills were not burdensome, but all the compensable elements of the damages were fairly presented to the jury, and there is no evidence that the verdict was the result of passion or prejudice. The whole case hinges on this one proposition, and there is no necessity for discussion of the various other propositions which are ably presented by counsel in their briefs.

In the case of Muskogee Electric Traction Co. v. Wimmer, 80 Okla. 11, 194 P. 107, in paragraph 2 of the syllabus, this court said:

"It would be impossible to recount all the factors which enter into the common and general notions of what is fair and just as a basis to measure the damages for personal injuries. There can be no absolute standard to measure such damages, and a wide latitude of discretion is necessarily left to the good sense and discretion of the jury which fixes the award. And, in an action for personal injury, a verdict will not be set aside for excessive damages unless it clearly appears that the jury committed some gross and palpable error, or acted under some improper bias, influence or prejudice, or has totally mistaken the rules of law by which damages are regulated. . . ."

And in paragraph 5 of the syllabus in the above cited case this court said:

"In a civil action triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal."

See, also, Chicago, R. I. & P. Ry. v. DeVore, 43 Okla. 534, 143 P. 864; Oklahoma Union Ry. Co. v. Bartrand, 129 Okla. 263, 264 P. 621; 46 A.L.R. 1230.

We find no substantial errors in the record to warrant reversal of the judgment, and the same is therefore affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, DAVISON, and ARNOLD, JJ., concur.