**SOUTHWESTERN GREYHOUND LINES,**
Inc., et al.

v.

ROGERS.

No. 34424.

Supreme Court of Oklahoma.

Feb. 2, 1954.

Rehearing Denied March 2, 1954.

Draper Grisby, Oklahoma City, Meacham, Meacham, Meacham & Meacham, Clinton, for plaintiffs in error.

Arney & Barker, Clinton, for defendant in error.

JOHNSON, Vice Chief Justice.

The parties herein will be referred to as they appeared in the trial court.

The plaintiff, Lois Rogers, brought suit for damages caused to her person and property when the defendant, Southwestern Greyhound Lines, Inc., et al., after allegedly being warned by plaintiff, et al., not to do so, negligently and carelessly drove one of its buses into a flooded stream and thereby submerged it in the water while the plaintiff was a paid passenger thereon. Plaintiff recovered a verdict and judgment, from which defendants appeal.

Defendants present their contentions of error under three propositions, which are, in substance, first, that the damages are excessive because given under influence of passion and prejudice. Second, that the court erred in giving instructions Nos. 16 and 17, and third, that the trial court erred in submitting the question of exemplary damages to the jury and in permitting plaintiff to recover exemplary damages.

The plaintiff was awarded as compensatory damages $5000 for pain and suffering and medical expense, $450 for loss of personal property and money, $1500 for loss of earnings, and $4000 exemplary damages.

■■ Amount of recovery in action for damages is a fact question for the jury, City of Norman v. Lewis, 180 Okl. 344, 69 P.2d 377, subject, if excessive, to correction by the trial court or by this Court on appeal. Safe-Way Cab Service Co. v. Gadberry, 180 Okl. 51, 67 P.2d 434; but where, as in the instant case, the testimony tends to prove that a greater amount for compensatory damages than that returned by the jury (and approved by the trial court)

might have been found due, the verdict will not be set aside on the ground that it is excessive or unreasonable and given under the influence of passion and prejudice, Shobe v. Sykes, 169 Okl. 491, 37 P.2d 908; Magnolia Pipe Line Co. v. Brown, 195 Okl. 345, 157 P.2d 184. Held, compensatory damages under the record herein, are not excessive.

■ Relative to allowance of punitive damages herein, the statute allowing punitive damages is highly penal, and punishment thereunder should not be lightly imposed. Shobe v. Sykes, supra. In this connection the defendants urge that the $4000 exemplary damages awarded in this case is excessive and disproportionate, conceding however, that the amount of such damages is largely discretionary with the trier of facts, but arguing that in this case, the amount is enough to shock the conscience of the Court.

This Court has previously considered the issue of allowance of excessive exemplary (punitive) damages. In Garrett v. Myers, 190 Okl. 273, 123 P.2d 965, compensatory damages were awarded for $750 and $1000 for exemplary damages. The exemplary damages were, on appeal, held to be excessive and reduced to $500. In St. Louis & S. F. R. Co. v. Lilly, 52 Okl. 727, 153 P. 810, 815, a common carrier case, this court approved $2 for actual, or compensatory damages, and $300 punitive (exemplary) damages, against the carrier who carried a passenger beyond her destination. However, in that case, this Court, in reducing the amount of exemplary (punitive) damages, said:

"Considering the question of the amount of punitive damages fixed by the jury, we take it that for compensatory damages they did not exceed the sum of $2 as prayed for, and therefore the balance of the $500 included in the verdict was for punishment of the defendant. In fixing this amount, we cannot take into consideration the death of the mother, nor in fact any other matter, except that the conductor refused to give plaintiff the information asked for, and to our mind, under

all the circumstances, a fine of $300 would be sufficient, and that the judgment should be reduced to the amount of $302."

■ To sustain the judgment for punitive damages, plaintiff points out that our legislature has provided in 13 O.S.1951 § 32, that a common carrier of persons for hire must use the utmost care and diligence for their safe carriage and must provide everything necessary for that purpose; that defendants' bus driver not only failed to make an examination of the flood water before driving into it at a time when other cars were stalled and abandoned in said flood, and when the water was probably over the banisters of the bridge; but that he disregarded the warning of the dangerous condition of the flood water by a person who had driven a car down into the water and was then backing out of the flood water, as well as the warning of plaintiff and other passengers and heedlessly and negligently drove the bus into the flood waters where it became submerged; that the company allegedly negligently kept plaintiff in Oklahoma City two days and nights without adequate medical attention, while she was suffering from her injuries, in an attempt to get plaintiff and others to settle their claims with adjusters. Such action constitutes a basis for punitive damages.

■ We are, however, committed to the rule that exemplary damages are for punishment and example and should not be lightly imposed but should be assessed with caution. Shobe v. Sykes, supra. We think that under the factual situation herein, the verdict and judgment of $4000 for punitive damages is excessive and should be reduced to the amount of $500 and it is so ordered.

■ After a careful consideration of defendants' objections to instructions Nos. 16 and 17 (which principally related to exemplary damages) and under all the circumstances of the case and our holdings herein, we are of the opinion that no error prejudicial to defendants was committed in giving those instructions. We, therefore, modify the judgment as suggested herein and as modified the judgment is affirmed.

HALLEY, C. J., and CORN, WILLIAMS and BLACKBIRD, JJ., concur.

DAVISON, J., concurs as to compensatory damage and dissents as to allowance of punitive damage.

ARNOLD and O'NEAL, JJ., concur as to compensatory damage and dissent as to reduction of punitive damage.

DAVISON, Justice.

I concur in the affirmance of the compensatory judgment, but do not think the evidence is sufficient to award exemplary damages. I therefore dissent to that part of the judgment awarding exemplary damages.