Sammie A. RIGGS, Appellant,

v.

BRITISH COMMONWEALTH CORPORATION, a Texas Corporation, et al., Appellees.

No. 71–1414.

United States Court of Appeals, Tenth Circuit.

April 27, 1972.

Stan P. Doyle, Tulsa, Okl., for appellant.

Robert W. Ryan, Jr., Dallas, Tex., for appellees.

Before LEWIS, Chief Judge, and PICKETT and DOYLE, Circuit Judges.

LEWIS, Chief Judge.

This is an action for damages premised on certain franchise agreements entered into between plaintiff and British Commonwealth Corp. (BCC) and resulting from alleged false representations made by the individual defendants. Diversity jurisdiction was pleaded, plaintiff alleging himself to be a citizen of Oklahoma and each of the defendants to be citizens of Texas. The defendant Wray, pro se and designating his mail address as a post office box in Dallas, Texas, filed a verified answer alleging "he has been a resident of the State of Oklahoma for many years and is now a resident of the State of Oklahoma." Since filing this answer, Wray has neither been located nor heard from. Despite plaintiff's good faith attempt to serve Wray with interrogatories and the actual filing of Wray's father's deposition containing direct contradiction of his son's conclusory pleading, the trial court dismissed the action for lack of jurisdiction, holding plaintiff had not met his burden of establishing jurisdiction. We hold, and all appellate parties agree that the court erred in dismissing the action. Simply stated, Wray's allegation can rise no higher than to indicate a potential issue, here met by plaintiff as fully as the circumstances allowed,

and the hit-and-run allegation cannot premise the denial of jurisdiction.

Prior to dismissing the action for lack of jurisdiction the trial court had entered a summary judgment favoring the defendant-appellee Lovell. Although this judgment fell with the subsequent order of dismissal its vitality may possibly be renewed and thus we deem it desirable to consider the issue. Lovell is the president of the corporate defendant.

Plaintiff's complaint alleged that he was induced to contract with BCC by his reliance on certain misrepresentations of fact [1] alleged to have been made during negotiations and embodied in the contract, and which were advanced through a common scheme or design of the several defendants. Lovell's amended answer made material denials as noted [2] and he then moved for summary judgment under Rule 56, Fed.R.Civ.P. The motion was supported by his affidavit and supplemental affidavit. The assertion of these affidavits are twofold (a) that as a private individual Lovell had made no representations of any kind to the plaintiff and (b) that as president of BCC he had made no false representation.

 At the trial and before this court Lovell's primary argument is that plaintiff cannot rest on his pleadings in opposition to defendant's motion for summary judgment when the motion is supported by affidavit. Such is the general rule but only when the initial affidavits set forth "such facts as would be admissible in evidence", and "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P., Rule 56, 28 U.S.C.

The assertion that Lovell made no representation to plaintiff as a private individual is conclusory in nature and even if true does not necessarily relieve him of potential liability under Oklahoma law. Rogers v. Brummet, 92 Okl. 216, 220 P. 362; Garrett v. Myers, 190 Okl. 273, 123 P.2d 965. The assertion that Lovell made no false representation to plaintiff in any capacity is also conclusory, amounts to no more than verification of the allegations in the answer, and requires a determination of credibility to establish the fact. Summary disposition cannot be sustained under the present record.

Reversed.

---

1. The complaint alleged misrepresentations enumerated (1) through (7) and relates generally to the history, financial and other assets, experience and personnel of BCC as well as to services BCC is alleged to have promised to the plaintiff.

2. Lovell's amended answer states that he is

 "presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in . . . numbered subparagraphs (1) through (7) . . . . Defendant specifically denies any discussion with Plaintiff 'during said negotiations'. Defendant denies that any facts were represented by him which were not true which were relied upon by the Plaintiff and which induced the execution of the agreements . . . Defendant denies that he was a party to any common scheme or design to misrepresent facts to the Plaintiff."