Stephen O. JENKS and Marilyn Jenks, Plaintiffs,

v.

Ballard HILL; John Hill; Harmon Electric Association, Inc.; Western Farmers Electric Cooperative; and John Deere Company, a Delaware Corporation, Defendants.

No. CIV–80–200–W.

United States District Court,
W. D. Oklahoma.

Jan. 8, 1981.

40. *United States v. Barrientos*, 485 F.Supp. at 791.

H. Keith Myers, Myers Mollison & Weber, Altus, Okl. and John M. Merritt, Oklahoma City, Okl., for plaintiffs.

Donald R. Wilson, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for defendant Ballard Hill.

Bob R. Scarbrough, Altus, Okl., for defendant John Hill.

Ronald R. Hudson, Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, Okl. and James P. Garrett, Garrett & Salter, Mangum, Okl., for defendant Harmon Elec. Ass'n, Inc.

Earl D. Mills and David W. Edmonds, of Foliart, Mills & Neimeyer, Oklahoma City, Okl., for defendant Western Farmers Elec. Co-op.

John C. Harrington, Jr., Oklahoma City, Okl., for defendant John Deere Co.

## MEMORANDUM OPINION AND ORDER

LEE R. WEST, District Judge.

Defendant Western Farmers Electric Cooperative has moved for summary judgment pursuant to the provisions of Rule 56, F.R.Civ.P. Plaintiffs have filed a response thereto and the defendant has submitted a reply brief in support of its motion. The Court has considered the pleadings, the briefs, and the evidentiary materials submitted by both parties and makes the following determination.

On a motion for summary judgment, the Court must construe the facts in a way most favorable to the non-movant. *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). The existence of any "genuine issue as to any material fact" precludes the grant of summary judgment. Rule 56, *supra*. Where different ultimate inferences may properly be drawn, the case is not one for summary judgment. *Security National Bank v. Belleville Livestock Commission Co., Inc.,* 619 F.2d 840 (10th Cir. 1980). The party moving for summary judgment has the burden to show that he is entitled to judgment under established principles; and if he does not discharge that burden, he is not entitled to summary judgment. *Security National Bank*, 619 F.2d at 848. The party opposing summary judgment cannot rest on his pleadings when the motion is supported by affidavit setting forth such facts as would be admissible in evidence and demonstrating the absence of any material issue of fact and that the moving party is entitled to a judgment as a matter of law. *Security National Bank*, 619 F.2d at 848–49; *Riggs v. British Commonwealth Corp.*, 459 F.2d 449, 451 (10th Cir. 1972).

The underlying action is one for negligence and manufacturer's products liability

arising from an accident in which the plaintiff Stephen Jenks came into contact with an electric power line and suffered various physical injuries as a result. The complaint charges that Western Farmers was negligent in that it furnished electricity to Harmon Electric Association, Inc., when it knew or should have known that Harmon Electric did not maintain its electrical lines at a distance above the ground required to meet the standards of the National Electric Code or to accommodate the transportation of farm implements on the rural roads.

■ The defendant's motion for summary judgment rests on three distinguishable bases. First, Western Farmers adopts the motion for summary judgment submitted by its co-defendant Harmon Electric. This Court has previously overruled that motion which was dependent on a finding by the Court that the plaintiff Stephen Jenks was contributorily negligent as a matter of law and that such contributory negligence relieved the movant of any possible liability. For reasons fully enunciated in that Order dated December 31, 1980, this Court was unable to find that there was a lack of factual issues as to contributory negligence and therefore denied the motion for summary judgment. Similarly, to the extent that Western Farmers' motion for summary judgment rests on the arguments advanced by Harmon Electric, it must also be denied.

■ Western Farmers also briefly mentions in its argument for summary judgment that at the time of the injury, the plaintiff Stephen Jenks was in violation of 63 Okl.St. § 981 et seq., which in part prohibits any function or activity within six feet of any high voltage overhead electrical line or conductor. It may be summarily stated that this law does not confer immunity from tort liability upon electrical utility companies. An electrical company such as the movant must still exercise a high degree of care in conducting its operations. *Kimery v. Public Service Co. of Okla.*, Okl., 622 P.2d 1066, Okl.Sup.Ct., 51 O.B.A.J. 2941, 2943, (1980). The plaintiff's alleged violation of the statute, if true, is not dispositive of Western Farmers' possible liability for negligence.

The third basis offered by Western Farmers as grounds for summary judgment is that Western Farmers is not liable for any negligence of Harmon Electric in the maintenance of the electrical line involved because Western Farmers had no idiosyncratic duty to inspect Harmon Electric's distribution system, and had no vicarious duty to inspect or repair since it had neither actual nor constructive notice of any negligence by Harmon Electric in the maintenance of the distribution system. In opposing the motion for summary judgment, the plaintiffs assert that Western Farmers had constructive notice because Harmon Electric's Secretary-Treasurer, Mr. Robert Stookesberry, also serves as a member of the Western Farmers Board of Directors. The plaintiffs further assert that any knowledge imputable to Harmon Electric is also imputable to Western Farmers because of Mr. Stookesberry's dual role.

A coherent reading of the uncontroverted allegations indicates that Western Farmers Electrical Cooperative is a generating and transmission cooperative. Most of the electricity sold by Western Farmers is generated at either their Moreland or Anadarko, Oklahoma, plants. They also purchase electric power from several other generating companies including Public Service Company of Oklahoma, Oklahoma Gas & Electric, and the Southwest Power Administration. Western Farmers sells electricity to 19 cooperative distribution systems. Each of the distribution cooperatives appoints one member to the Western Farmers Board of Directors. Western Farmers has no stock and is a nonprofit corporation. It is effectively owned by the 19 member cooperatives whose representatives to the Board of Directors determine the rates at which electricity will be sold to the member cooperatives. Western Farmers employs an engineering and maintenance crew to service its transmission lines and substations.

The general rule relating to the duty of a generating company which furnishes electricity to a distribution company which exercises exclusive control over the distribu-

tion system is stated at 26 Am.Jur.2d Electricity, Gas, and Steam § 107, p. 316, which reads in part:

> According to a number of cases, a generating company which merely sells electric current to a distributing company which in turn distributes such current to its own patrons, the generating company having no control over the wires and appliances of the distributing company, is not liable for injuries or damage resulting from the condition of such wires and appliances, at least in the absence of knowledge of such condition. . . .

There are few reported cases in Oklahoma law which involve this sort of relationship and question of liability. The two most relevant cases do indicate that the general rule would obtain in this state. The case of *Minnesota Electric Light & Power Co. v. Hoover*, 102 Okl. 270, 229 P. 285 (1924), concerned a generating company which sold electricity to a refinery. At trial, the question of ownership of the electrical lines and the resultant duty of inspection was sharply contested. Instructions to the jury revealed that the trial court concluded that it was immaterial whether the electrical company or the refinery owned the lines because the electrical company would be held to the duty of inspection in either event. The Oklahoma Supreme Court made an exhaustive survey of decisions from other states in determining the proper rule to be adopted to govern the liability of a generating company. The Supreme Court adopted the general rule and concluded that the trial court erred in its instructions by failing to predicate the generating company's possible liability on a finding that it owned the lines in question or had otherwise assumed the duty to inspect and maintain. Important to this conclusion was the court's recognition that because of the tremendous growth of the electric power network, it would be practically impossible for a power company generating and selling electricity to inspect the wires and appliances of its consumers extending through various towns, cities, and rural communities. The court also recognized that those consumers who have constructed their own wires and appliances would have the right to exclude the power company from such inspections. For these reasons, the generating company was held not to have a duty to inspect or maintain the lines that were privately owned by its customer.

The second relevant Oklahoma decision is *City of Cushing v. Presbury*, 188 Okl. 417, 109 P.2d 1077 (1941). The parties in that case included the City of Cushing which owned a distribution system and sold current to a private party who owned the electrical lines servicing his company premises. When an accident occurred involving those privately owned electrical lines, the injured party sought to hold the city liable. In the syllabus, the court stated,

> 1. Where wiring or other electrical appliances are owned and controlled by the owner of the premises, a generating company which merely furnishes electricity is not responsible for the condition of the wiring or appliances on that part of the line owned and controlled by the consumer and is not liable for injuries caused by their defective condition to third persons on such premises, where there is no showing that the generating company arranged with the owner or assumed the duty to maintain such wiring or fixtures.

The relationship between the City of Cushing and the private consumer is similar to the parties in *Minnesota Electric* and both are sufficiently comparable to the parties in this case to make the holdings applicable to the instant case.

▆▆▆ After reading the above cases from this state and having reviewed more recent cases from other jurisdictions, this Court is satisfied that the proper rule to be applied is that a generating company is not ordinarily liable for the negligence of a customer-distribution company when that distribution company exercises exclusive control over its distribution system. Harmon Electric exercised exclusive control over its distribution system and Western Farmers cannot be held liable for any negligence of Harmon Electric in the absence of some exceptional circumstances.

■ A review of the cases favorably cited in *Minnesota Electric*, 102 Okl. 270, 229 P. at 289–91, indicates that the exceptional circumstances that would cause a generating company to be susceptible to liability would include those occasions when it has constructed the distribution system, assumed responsibility for maintenance of the system, or continues to supply current after having knowledge of some defect in the system. The plaintiffs would alter this list by adding those situations wherein the generating company has constructive knowledge of some defect in the system. In rebuttal to this contention, Western Farmers asserts that constructive knowledge was not possible in this context wherein the party to be charged with the constructive knowledge had no duty of care with regard to the distribution system. Before this Court may decide whether a genuine issue of fact exists in regard to the defendant's possession of constructive knowledge, it must first decide whether liability can be predicated upon constructive knowledge.

Neither of the two previously noted cases from Oklahoma, *Minnesota Electric* and *City of Cushing*, address the specific question of whether constructive knowledge may serve as the predicate for the liability of a generating company which furnishes electricity to a distribution system under the exclusive control of another company. The majority rule from other states, however, is that actual knowledge is required to hold a generating company liable in those situations where it had no independent duty to inspect, maintain, or repair the distribution system. *See Vital v. Hous. Auth. of City of Iberia*, 360 So.2d 1182 (La.App. 1978); *Chambers v. Buettner*, 295 Ala. 8, 321 So.2d 650 (1975); *Ianire v. Univ. of Delaware*, 244 A.2d 427 (Del.1968); *Virginia Electric and Power Company v. Daniel*, 202 Va. 731, 119 S.E.2d 246 (1961). This Court is confident that the majority rule would obtain in the state of Oklahoma. This confidence is based in part on the fact that the State Court adopted the majority rule in the larger question, but is more substantially based on the reasoning found in *Minnesota Electric*. As previously noted, the Okla-

homa Supreme Court gave major consideration to the onerous burden that would be placed on generating companies if they were made responsible for the inspection of the distribution systems owned and maintained by other companies. Equally important is the legal difficulty that might accrue from any attempt to inspect the distribution lines and appliances owned by other parties. These same considerations are found to be important in those cases which require actual rather than constructive knowledge as a predicate to liability. *See Ianire v. Univ. of Delaware*, 244 A.2d at 429, *citing, Oesterrich v. Claas*, 237 Wis. 343, 295 N.W. 766, 769 (1941). A generating company which furnishes electricity to a number of distribution companies could not be expected to concern itself with inquiries into the status of the vast distribution systems, just as the distribution companies could not be expected to make inquiries into the wiring and appliances located in the homes of its many customers. Actual knowledge would impose a duty on a generating company to take appropriate action but constructive knowledge is without foundation in this context.

This decision is further bolstered by this Court's opinion that constructive knowledge in the negligence context, as in commercial settings, is resorted to when necessary to prevent a party from benefitting from gross, careless, or intentional ignorance. *See Amoco Production Co. v. U. S.*, 619 F.2d 1383 (10th Cir. 1980); *Cody Finance Co. v. Leggett*, 116 F.Supp. 700 (D.Wyo.1953). Absent some basic independent duty with regard to maintenance of the distribution systems, a generating company such as Western Farmers cannot be said to have benefitted by not concerning itself with the status of its purchasers' distribution systems. *See Probart v. Idaho Power Co.*, 74 Idaho 119, 258 P.2d 361, 365–66 (1953).

■ For these reasons, this Court holds that a generating company such as Western Farmers cannot be held liable for the negligence of a distributing company, such as Harmon Electric, when the distribution company exercises exclusive control over

the distribution system unless the generating company continues to supply the current after having actual knowledge of some negligence in the maintenance of the distribution system.

Western Farmers has come forth with evidentiary materials in the form of deposition testimony from officers of Western Farmers and Harmon Electric disproving the existence of any actual knowledge of any negligence in the maintenance of Harmon Electric's distribution system. It is apparent that Western Farmers was never concerned with the condition of the cooperative's distribution systems. Rather, Western Farmers merely made the connection with the distribution cooperatives necessary to deliver the electric currents and exercised no functions whatsoever with regard to maintenance of the distribution systems. There are indications that the Western Farmers Board never solicited nor received information regarding the maintenance of the distribution systems. Rule 56(e) requires that a party responding to a motion supported by evidentiary materials must present similar evidentiary materials to prove the existence of a factual issue. The plaintiffs have not offered any supporting materials to show an issue of fact concerning Western Farmers' possession of actual knowledge of Harmon Electric's alleged negligence. The plaintiffs have rested their opposition entirely on the argument concerning constructive knowledge. Because the plaintiffs have not controverted the movant's disproof of actual knowledge and this Court has ruled that constructive knowledge would not suffice to impose liability on the movants, Western Farmers' motion for summary judgment is GRANTED.