Daniel Hilton McCARROLL, Appellant,

v.

Guy D. REED, D.O., Appellee.

No. 59345.

Court of Appeals of Oklahoma,
Division No. 4.

Dec. 20, 1983.

Rehearing Denied Jan. 19, 1984.

Certiorari Dismissed March 13, 1984.

Released for Publication by Order of Court of Appeals April 13, 1984.

C. Rabon Martin, Tulsa, for appellant.

W. Michael Hill, Rogers, Honn, Hill, Secrest & McCormick, Tulsa, for appellee.

BRIGHTMIRE, Presiding Judge.

The ultimate question here is whether plaintiff's petition states a cause of action for damages against a physician. The trial court sustained defendant's "special demurrer" attacking one item of damage and, after plaintiff elected to stand on his petition, dismissed the entire action because "plaintiff has failed to state sufficient allegations of fact to support his prayer for damages...."

Though the above stated foundation for the trial court's ruling is not clear to us, we take it to mean that the petition does not state a cause of action. We hold this to be an error and reverse the order of dismissal.

I

In his petition plaintiff, Daniel McCarroll, alleged in substance that defendant Guy D. Reed, D.O., undertook to render medical care to plaintiff regarding his complaint of insomnia secondary to neck and back pain. During the first visit defendant "sold to the plaintiff a quantity of Placidyle capsules"—a drug statutorily classified "as a dangerous substance." Plaintiff returned to defendant's office about every other week for the next 13 months and was sold some 1125 pills, including Placidyl, Valium, Teramine, Tuinal and Tenuate, all classified as dangerous substances.

Eventually, plaintiff alleged, he developed a severe addiction accompanied by a deterioration of mind and body and an irresistible compulsion to embark on a course of criminal activity to finance his craving for drugs. By the time he filed this lawsuit plaintiff had been arrested seven times, charged with five felonies and two misdemeanors; he had lost two jobs, had four car wrecks and three motorcycle accidents, his wife had divorced him, he had lost custody of his child, and faced a prison term of more than 20 years.

He stated he had incurred legal fees of $20,000 in an effort to protect his legal rights in connection with the addiction related legal problems.

In causing the destruction of his life, said plaintiff, the defendant breached the fiduciary duty he owed and acted recklessly for mercenary gain entitling plaintiff to both compensatory and punitive damages.

Plaintiff prayed for $1,000,000 compensatory and another $1,000,000 exemplary damages.

Defendant filed a demurrer attacking the petition on the ground of failure to state facts sufficient to constitute a cause of action, and a "special demurrer" on four grounds. The first two alleged that the claim was barred by the statute of limitations. The third ground was that the "petition is insufficient of facts [sic] to support a prayer for $20,000.00 in legal fees." The fourth contention was that plaintiff's claims for "$1,000,000.00 of actual damages is [sic] totally speculative and not based on any facts to support same."

Following the demurrers defendant moved the court to strike "all matters incorporated in defendant's foregoing Special Demurrer."

On July 21, 1982, the trial judge wrote the parties' attorneys a letter advising that the first two grounds of the special demurrer were overruled and the third and fourth grounds were sustained. The court held that the general demurrer and motion to strike were "moot" and plaintiff was given 20 days to amend. A first amended petition was filed which enlarged on what had already been alleged. The same paper attack was launched against the first amended petition except for the statute of limitations plea. Once again the court concluded that the plaintiff's petition "failed to state sufficient allegations of fact to support his prayer for damages." Plaintiff elected to stand on his pleading, resulting in dismissal of his action.

## II

While not paragonic, plaintiff's petition stated a cause of action and was not otherwise demurrable. It met the requirements specified in 12 O.S.1981 § 264, which are:

"The petition must contain:

"First. The name of the court, and the county in which the action is brought, and the names of the parties, plaintiff and defendant, followed by the word 'petition.'

"Second. A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition.

"Third. A demand of the relief to which the party supposes himself entitled. If the recovery of money be demanded, the amount thereof shall be stated; and, if interest thereon be claimed, the time from which interest is to be computed shall also be stated."

The law concerning the office of a demurrer is set out in 12 O.S.1981 § 267. It reads:

"The defendant may demur to the petition *only* when it appears on its face, either:

"First. That the court has no jurisdiction of the person of the defendant, or the subject of the action.

"Second. That the plaintiff has no legal capacity to sue.

"Third. That there is another action pending between the same parties for the same cause.

"Fourth. That there is a defect of parties, plaintiff or defendant.

"Fifth. That several causes of action are improperly joined.

"Sixth. That the petition does not state facts sufficient to constitute a cause of action." (emphasis added)

Defendant has never contended that the petition was demurrable on any of the first five grounds. He did assert the sixth ground but the court ordered it "stricken as moot." The "special demurrers" offered by defendant consisted of grounds not authorized by statute. The only attack on the $20,000 legal fee allegation that could have been made was with regard to its relevancy and this had to have been made by a motion to strike. 12 O.S.1981 § 297. And had the item been stricken the petition would still have been sufficient to have withstood a demurrer.[1]

1. We are not, by making these observations, intimating that the $20,000 allegation is irrelevant or is not an item of special damage.

Allegations of any pleading are to be liberally construed. 12 O.S.1981 § 293. Pleading a basis for malpractice redress is no different from that necessary with regard to any other type tort action in terms of stating facts regarding the essential elements of liability. The malpractice alleged here consists of gross negligence. It is elementary that the elements of this tort include a duty, its breach, and injury caused by the breach. The duty—which, being created by law, need not be pleaded—is that the physician was obliged to use reasonable professional skill, care and diligence to prevent his patients from becoming drug addicts. The tort pleaded by plaintiff is statutorily defined thus: "gross negligence [consists] in the want of slight care and diligence." 25 O.S.1981 § 6. The facts pleaded by plaintiff are sufficient to show a duty violation of that magnitude and a consequential injury. While plaintiff does not plead as special damages the costs of the physician's pills or the amount of his bills, he does ask one million dollars for the general damages he alleges he sustained as a result of the tortious addiction.

Iatrogenic drug addiction can result from professional malpractice. *Du Vall v. Board of Medical Examiners of Arizona,* 49 Ariz. 329, 66 P.2d 1026 (1937); *Los Alamos Medical Center v. Coe,* 58 N.M. 686, 275 P.2d 175 (1954); *Ballenger v. Crowell,* 38 N.C.App. 50, 247 S.E.2d 287 (1978).

Punitive damages may be recovered if the facts support a finding of oppression, fraud or gross negligence. 23 O.S.1981 § 9; *Southwestern Greyhound Lines v. Rogers,* Okl., 267 P.2d 572 (1954). Thus, the bad faith breach of a fiduciary duty such as that owed by a physician to his patient is an appropriate foundation for punitive damages. *Timmons v. Royal Globe Insurance Co.,* Okl., 653 P.2d 907 (1982); *Los Alamos Medical Center v. Coe,* 275 P.2d at 178.

### III

The order of dismissal is vacated and the cause is remanded with instructions to overrule the demurrer to plaintiff's first amended petition.

DeMIER and STUBBLEFIELD, JJ., concur.