James B. SILMAN, Appellee,

v.

Robert E. WHISTLER, Personal Representative of the Estate of Nina Naomi Leach, Deceased, and Robert E. Whistler, Individually, Appellant.

No. 70255.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 14, 1989.

Rehearing Denied Jan. 8, 1990.

Certiorari Denied April 24, 1990.

Robert N. McIlroy, Norman, for appellant.

John M. Perry, III, Oklahoma City, for appellee.

MEMORANDUM OPINION

GARRETT, Presiding Judge:

James B. Silman (Appellee) was the personal physician for Nina Naomi Leach, Deceased, (Naomi) for many years. From time to time, Naomi sold real estate to Appellee. As pertinent here, they entered

into a Purchase Agreement (the Agreement) on April 22, 1983, in which Appellee was given an option to purchase 90 acres of land for $4000.00 per acre. After Naomi's death, Appellee brought a lawsuit for specific performance of the option provision of the Agreement.

Appellant cross-petitioned for rescission and cancellation of the Agreement due to undue influence; for damages in lieu of rescission and cancellation; for conversion; and for economic injury from Appellee's wilful violation of the medical standard of care. Appellant amended the cross-petition to plead, in the alternative, the negligent violation of the medical standard of care.

The trial court sua sponte entered an order that Appellant's claims at the pre-trial proceedings would not support a cause of action for medical malpractice, but would support a claim for undue influence. The court struck the matter from the trial assignment and rendered a judgment for Appellee on the claim for medical malpractice. Appellant filed a motion to vacate the judgment, which was granted. However, in the same order, the court directed Appellee to file a motion for summary judgment "without delay". Appellee filed a motion for summary judgment, which the court granted in his favor. In the order, the court found that the evidence and claims of Appellant would not support a recovery in an action for malpractice, which was the only ground for recovery urged.

On appeal, Appellant contends: (1) the evidence supports his claim that Appellee's conduct violated the medical standard of care; (2) a recovery based on undue influence is not the exclusive remedy where a physician has exerted undue influence over his patient and also violated the medical standard of care; and (3) whether or not Appellee violated the applicable medical standard of care should not have been determined by summary judgment.

██ Appellee contends this action is barred by the two-year statute of limita-tions under 76 O.S.1981 § 18. However, this issue was not addressed in the order which is on appeal, and we will not consider it further.[1]

██ Appellant contends that Appellee's medical care of Naomi within the doctor-patient relationship was intertwined with his involvement in her financial affairs over several years. Appellant refers to the deposition of Appellee in which he testified that approximately $25,000.00 to $30,000.00 worth of house calls were made after the first purchases of real estate from Naomi. Appellant also refers to evidence which suggests that Naomi had no resistance to Appellee when she talked to Appellee and that she was afraid that Appellee would not properly treat her if she did not go along with him.

Appellant's position is that if there is evidence that Appellee breached his medical standard of care, he has committed medical malpractice. Appellant's expert witnesses testified that the medical standard of care was violated in this case because the patient care was inextricably linked to the patient dealings and because a patient under these circumstances would be unable to separate delivery of medical care from the business transactions.

Appellant cites *McCarroll v. Reed,* 679 P.2d 851 (Okl.App.1983), for the proposition that a breach of fiduciary duty between patient and physician can be the basis for a medical malpractice action and an award of punitive damages. In *McCarroll v. Reed* the Court said:

> It is elementary that the elements of this tort include a duty, its breach, and *injury caused by the breach.*

679 P.2d at 854. In the above case, a patient became addicted to drugs sold to him by his physician over an extended period of time. Thus, there was an injury which resulted from the medical care of the patient by the physician. However, in the instant case, the only injury to Naomi for

---

1. We note that the three-year provision in 76 O.S.1981 § 18 was declared unconstitutional in *Reynolds v. Porter,* 760 P.2d 816 (Okl.1988) and again in *Wofford v. Davis,* 764 P.2d 161 (Okl. 1988). The Supreme Court held that it is a special statute of limitations in violation of Art.

5, § 46 of the Oklahoma Constitution, and an impermissible special law proscribed by Art. 5, § 59 of the Oklahoma Constitution. The portion of the statute is not applicable to the present case.

which Appellant seeks recovery is the loss of her assets through business dealings with Appellee. Although it is claimed that these business affairs were intertwined with Appellee's medical care of Naomi, there was no allegation or evidence of a *medical* injury to her. Appellant has not stated a claim for medical malpractice. The alleged breach of Appellee's medical standard of care (without a resulting medical injury) is not enough for recovery under a claim of medical malpractice.

The practice of medicine is defined at 59 O.S.Supp.1987 § 492, which provides, in part:

> Every person shall be regarded as practicing medicine within the meaning and provisions of this act, who shall append to his name the letters 'M.D.', 'Doctor', 'Professor', 'Specialist', 'Physician' or any other title, letters or designation which represent that such person is a physician, or who shall for a fee or compensation treat *disease, injury or deformity of persons by any drugs, surgery, manual or mechanical treatment whatsoever.* (Emphasis added).

A physician-patient relationship, out of which a medical malpractice action could arise, encompasses the treatment of disease, injury or deformity through medical treatment, as stated above in 59 O.S.Supp. 1987 § 492. It does not encompass business transactions which result in a claim based on undue influence. This Court is advised such a claim (involving undue influence) was settled by these parties. We cannot extend the injuries for which a patient may recover in a medical malpractice case to include monetary damages resulting from a contractual arrangement. Summary judgment was properly granted.

Our resolution of the first proposition makes it unnecessary to consider the other propositions raised by Appellant.

AFFIRMED.

HUNTER and MacGUIGAN, JJ., concur.